## NORMAN H. GERKE vs. COLONIAL TRUST COM-PANY AND THOMAS MACKENZIE, TRUS-TEES, ET AL. NORMAN H. GERKE vs. CHARLES E. WILSON.

*Lunatics: adjudication; on motion of one not of family; foreign trustee as guardian; physician in asylum; payment over of money and estate. Jurisdiction: court of foreign state. Equity: pleading and plactice; hearing on bill and answer.*

It is usual for application for an adjudication in lunacy and the appointment of a committee to be instituted by a member of the family, but such proceedings may be instituted by a person other than a member of the family or relative.

p. 583

Section 231 and section 232 of Article 16 of the Code author-izes the paying over of a lunatic's estate to a foreign trustee, committee or guardian, where such trustee, etc., is properly bonded and such action seems to be for the benefit of the lunatic.                                                        p. 584

Where there is no other allegation or reason urged why the estate of a lunatic should not be paid over to his foreign guardian or committee, the mere fact that the latter is the physician of the institution in the foreign state where the lunatic is confined to no valid objection.          p. 585

Where a bill is set for hearing upon bill and answer, all allega-tions in the answer, so far as they are material to the issue and pleadings, must be taken as true.          ·p. 583

*A fortiori* a Court is authorized in so directing such pay-ment where the property consists of income, in the shape of an annuity of small amount.          p. 584

The courts of the State are not ousted from taking jurisdiction in a proper case by reason of the fact that a proceeding to the same end has been begun in the courts of another State; but that fact may be taken in consideration by them in reaching a conclusion.                                                p. 586

*Decided February 29th, 1912.*

Two appeals, one from Circuit Court No. 2 of Baltimore City (STUMP, J.), and one from the Circuit Court of Baltimore City (HEUISLER, J.).

The two appeals were argued together before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Leigh Bonsal,* for the appellant.

*Richard S. Culbreth* (with whom was *Charles J. Weiner* on the brief), for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

Two appeals, one from the Circuit Court No. 2 of Baltimore City, and one from the Circuit Court of said city, are embraced in the present record. Both deal with the same subject matter and the two appeals are so inextricably interwoven that it is necessary to consider them together, and, as the result of such consideration, arrive at the proper order to be made in each case.

By the will of Charles Gerke it was provided that after the death of the testator's wife, Elizabeth V. Gerke, there should be paid from the rest and residue of the testator's estate the interest or income of $6,000 at 5% per annum, being $300 per year, to his son Walter Duncan Gerke, the same to be paid into his own hands, and not to or into the hands of another during the term of his natural life. The

principal sum of $6,000 was at no time payable to the said Walter D. Gerke, but upon his death was to go to and become the property of the issue of his body living at the time of his death. Mrs. Elizabeth V. Gerke died in the year 1907, and by appropriate proceedings in the Circuit Court the Colonial Trust Company and Thomas Mackenzie were appointed trustees to carry out the provisions of the will of Charles Gerke.

In the year 1899 Walter D. Gerke, who was then resident in California, was adjudged insane and committed to the Mendocino State Hospital as an insane pauper. In that proceeding there was no committee or guardian appointed, either of the person or estate of Walter D. Gerke, and it was not until upwards of eight years later that the annuity provided for him by the will of his father came into existence. During all of that time he continued to be an inmate of the hospital, and was such at the time when all of the proceedings now to be considered were taken.

The annual interest or income provided by the will of Charles Gerke for the benefit of Walter D. Gerke began to accumulate from the death of Mrs. Gerke, but the beneficiary being insane and no committee of the estate having been appointed, the trustees could not make any payments of the income as it accrued, and hence it has accumulated until at the present time it amounts to something over one thousand dollars. It is manifest that if Walter D. Gerke had not been insane the trustees could and ought to have paid over the interest to him from time to time in accordance with the will of Charles Gerke, without the intervention of any person or persons whatsoever. These trustees were administering their trust in the Circuit Court of Baltimore City, and were required to account to that Court for the discharge of their duties as such trustee.

While matters stood thus, on the 19th May, 1911, a bill was filed in the Circuit Court No. 2 of Baltimore City by Norman H. Gerke, claiming to be a son of Walter D.

Gerke, praying for subpoena against the Colonial Trust Company and Thomas Mackenzie, trustees, and by an amended bill filed on the 27th September, 1911, the Court was asked to appoint a committee to receive from the trustees the accumulated interest and income of $300, a year thereafter to accrue, or as an alternative for appointment of a trustee or receiver for the same purpose, and that the committee, trustee or receiver should apply the income to the support of the said Walter D. Gerke in such manner as might be for the best interests of the lunatic, or as the Court might direct. Norman H. Gerke, the plaintiff in this bill, and alleged son of the lunatic, was and is a resident of the State of Oregon, and simultaneously with the filing of the original bill he filed a request that Leigh Bonsal of Baltimore should be appointed as such committee.

One week before the filing of the bill of complaint in the Circuit Court No. 2 a citation was issued from the Superior Court of Mendocino County, California, the Court in which Walter D. Gerke had been adjudged a lunatic, commanding the appearance on the 22nd of May of the lunatic to show cause why Charles E. Wilson, the secretary of the hospital where Walter D. Gerke was, should not be appointed as his guardian, and on the 22nd of May upon the affidavit of the superintendent of the hospital that Gerke was unable to attend, the Court appointed Charles E. Wilson guardian of his person and estate. This proceeding it is admitted by counsel in these appeals was conducted in accordance with the laws of the State of California, was regular in all respects, and it was further admitted that the said Wilson, as guardian, at first gave bond for $600, and that thereafter an additional bond for $1,500 was given.

On the 26th July, 1911, Charles E. Wilson, the guardian appointed in California, appeared to the bill of complaint of Norman H. Gerke in the Circuit Court No. 2, and filed his answer under oath, in which he alleges that he was entitled to receive from the trustees under the will of Charles

Gerke the moneys in their hands belonging to the said luna-
tic, and also the instalments of said annuity thereafter to
become payable.    Three days later Mr. Wilson filed his
petition in the case in the Circuit Court where the trust
under the will of Charles Gerke was being administered,
praying that the trustees pay over to him as guardian of
the lunatic the accumulations of the annuity and the instal-
ments thereof which should thereafter become due and pay-
able.    The bill in the Circuit Court No. 2 was, upon the
application of the attorney for the plaintiff, set for hearing
upon the bill and answer of Charles E. Wilson, and in that
condition all the allegations in the answer so far as they were
material to the case there pending must be regarded as
admitted to be true.    The petition of Wilson in the Circuit
Court was first answered by the trustees and subsequently
by Norman H. Gerke.    The case in the Circuit Court No. 2
came on for hearing upon the bill and answer and by order
of that Court on the 30th September, 1911, the bill was
"dismissed without prejudice."    The petition in the Circuit
Court apparently also was taken up upon the petition and
answers, and that Court on the 25th October, 1911, passed a
final order directing the payment over of the accumulated
income, and the income thereafter to accrue, to Charles E.
Wilson, the duly appointed guardian of the person and estate
of Walter D. Gerke under the proceedings in the California
Court.

The contention of the appellant is that the proceeding for
an adjudication in lunacy and the appointment of a com-
mittee is one which ordinarily is and should be instituted
upon the initiative of a member of the family of the lunatic.
It is undoubtedly true that in the vast majority of the cases
such a proceeding is so instituted, but that fact by no
means precludes the institution of such a proceeding by some
person other than a relative or member of the family.    It
is matter of frequent occurrence that proceedings of this

character are set in motion by some friend or acquaintance
of a lunatic, or even by a law officer of the state where no such
proceeding has been started by relatives and friends, and
that with which the Courts are mainly concerned is not who
institutes the proceedings, but whether the proceeding is
for the best interest of the individual alleged to be lunatic,
and of the people among whom he lives.

There is no suggestion in either of the cases now under
consideration that the original adjudication of lunacy was
not properly had.  It is only when it comes to the question
of property to which the lunatic is entitled, that the Circuit
Court No. 2 was asked to intervene by the appointment of
a committee, not of the person, but of the estate.  If the
lunatic possessed in his own right property, either large or
small in amount, in the judicious handling of which relatives
or friends might be interested, there would be much force in
the contention of the appellant, and the cases cited in sup-
port of the bill of Norman H. Gerke without exception deal
with a condition of this description.  But as already stated,
in this case the lunatic so far as appears from the record,
has nothing whatever but an annuity of small amount, prob-
ably not sufficient to pay for the actual cost of his proper
care.  The corpus of the estate from which this annuity is
to be derived is in the hands of trustees who are acting under
the direction of a Court of competent jurisdiction, and those
trustees are resident in Maryland.  Thus the corpus of the
estate is here, its administration is under the control of
Maryland Courts, and the only sum payable to the lunatic or
to a committee for the lunatic is an annuity of small amount.
Norman H. Gerke, the son, is not a resident of this State,
has no right or interest in the annuity or its payment, what-
ever may be his interest in the corpus after the death of his
father, and therefore can in no way be prejudicially affected
by the payment of the annuity to the guardian appointed by
the California Court where his father is.

It is further argued on behalf of the appellant that it is
contrary to the policy of this State to permit the estate of

a lunatic to be paid over to a non-resident guardian or committee. This contention cannot be successfully maintained in view of the language contained in secs. 231 and 232 of Art. 16 of the Code. By these it is expressly provided, that when a trustee, committee or guardian has been appointed by a Court of another State in the exercise of its proper jurisdiction, and such trustee, committee or guardian has properly bonded, if it is made to appear to be for the interest and advantage of the *cestui que* trust or lunatic, that the Court of this State having jurisdiction over the property may direct the payment over to such foreign trustee, committee or guardian of the principal of which the trust estate consists. This enactment of the General Assembly must be taken as defining the policy of this State, and since the Court is thus authorized to direct the payment over of the principal of the estate, *a fortiori* it is so authorized where the property is income, and in the shape of an annuity of so small an amount.

Objection to the passage of the order of the Circuit Court directing the payment over of this income to Mr. Charles E. Wilson was also based upon the ground that he was secretary of the hospital in which Walter D. Gerke was an inmate, and that by reason of this position he was liable to be actuated by motives other than those dictated by the best interests of the lunatic. There is no allegation of any misconduct whatever upon the part of said Wilson, or is any other reason assigned why he would be an improper person to act as such guardian, and it must be assumed in this condition that the Superior Court of Mendocino County in appointing him had reason to believe that he would be a proper person for the discharge of the duties of guardian. If in the future it should develop that he is not properly discharging his trust, that Court will undoubtedly upon such fact being made known to it, exact a proper discharge of his duties as guardian, or if need be, remove him from such office.

Some stress was laid in argument upon an alleged exclusive jurisdiction, claimed to have been acquired by the Circuit Court No. 2 by reason of the bill having been filed there prior to the appointment of Mr. Wilson by the Court of California, and prior to the filing by Mr. Wilson of his petition in the Circuit Court. This contention is without force. While the bill in the Circuit Court was filed three days prior to the appointment of Mr. Wilson, it was some days subsequent to the application for his appointment, and while the Courts of this State are not ousted from taking jurisdiction in a proper case, by reason of the fact that a proceeding looking to the same end has been begun in the Courts of a sister State, they are at liberty to take the fact of such a proceeding into consideration in reaching a conclusion. But in addition to this, the trusts created by the will of Charles Gerke were being administered under the supervision of the Circuit Court and had been for a considerable time when the bill was filed in Circuit Court No. 2 and that Court thus had full jurisdiction over the fund and trust at that time, and full relief could have been obtained in that Court.

It follows from what has been said that no error is perceived, in the order of Circuit Court No. 2 in dismissing without prejudice the bill filed by Norman H. Gerke, and that order will accordingly be affirmed; neither is an error apparent in the order of the Circuit Court of October 25th, directing the payment over to Mr. Wilson as guardian of the person and estate of Walter D. Gerke of the accumulated income provided for by the will of Charles Gerke, and of the payment from time to time hereafter as it shall accrue of the further instalments of such income, and that order will be likewise affirmed.

A motion was made to dismiss the appeal in both cases, upon the ground of lack of direct interest. But without passing upon that, it has seemed wiser to consider the appeals

upon their merits, where considerations affecting a lunatic were concerned, and the one asking the intervention of the Court stood in the relationship of a son.

> No. 28, order of the Circuit Court No. 2 of Baltimore City of September 30th, 1911, affirmed, the plaintiff, Norman H. Gerke, to pay costs.

> No. 29, order and decree of the Circuit Court of Baltimore City of October 25th, 1911, affirmed, costs to be paid by Norman H. Gerke.