Omer v. Omer.

---

No. 22,787.

MARGARET C. OMER, *Appellee,* v. GUY C. OMER, *Appellant.*

SYLLABUS BY THE COURT.

1. DIVORCE—*Pendency of Action in Another State—No Bar to Action in this State.* The pendency of an action for a divorce in another state is not a bar, nor a cause for stay of proceedings, in a similar action between the same parties in this state where a court of this state has obtained jurisdiction of the defendant by service of summons.

2. SAME—*When Action for Divorce is Triable.* A court may try an action for divorce at the first term at which it is triable where the defendant fails to appear and is seeking to avoid trial in this state by an action for a divorce commenced by him in another state.

3. SAME—*No Error in Refusing to Set Aside Decree Granted in Defendant's Absence.* It is not error for the court to refuse to set aside

a judgment granting a divorce rendered in the absence of the party against whom the divorce is granted, where he is afterward given an opportunity to introduce his evidence but fails to do so.

Appeal from Jewell district court; CHARLES L. KAGEY, judge *pro tem.* Opinion filed December 11, 1920. Affirmed.

*G. A. Spencer, A. R. Busick, jr., Thomas N. Mulloy,* all of Salina, and *R. C. Postlethwaite,* of Jewell City, for the appellant.

*D. M. McCarthy,* of Mankato, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: On June 23, 1919, the plaintiff filed her petition for a divorce from the defendant. Summons was then issued but was not served. An alias summons was served on September 4, 1919.

The plaintiff and defendant had lived in Jewell county for a number of years previous to their marriage, March 19, 1910, and, until this action was commenced, lived there most of the time after they were married. The abstract discloses that their marriage relations were unpleasant; each accused the other of extremely improper conduct. On June 21, 1919, the defendant took a child of the plaintiff and defendant away from the plaintiff with her consent, stating that he would return with the child on the Sunday following to partake of a Sunday dinner; the defendant, instead of returning, went to Shawnee, Okla. The plaintiff then commenced this action and followed the defendant and the child to that place, where the defendant commenced an action for divorce against the plaintiff, and caused summons to be served on her on June 25, 1919. The defendant obtained an order from the court in Oklahoma giving to him the custody of the child, and afterward obtained another order permitting him to take the child to Saline county, Kansas, where the defendant was employed. Summons was there served on him in the present action. On September 30, 1919, the defendant filed a motion to stay proceedings in this action on the ground that he had commenced an action for divorce in Oklahoma, and that summons had been served on the plaintiff prior to the service of summons on the

Omer v. Omer.

defendant. Court convened in Jewell county on November 10, 1919. At that time no pleading other than the motion mentioned had been filed in this action by the defendant. On the call of the docket, R. C. Postlethwaite appeared for the defendant, stated that there was a motion to stay proceedings, and requested that hearing on the motion be postponed to give time for the arrival of papers from Oklahoma. Hearing was postponed until the 12th of November. On that day Postlethwaite was not present, although at noon he was notified by the attorney for the plaintiff that the action would be called for trial on that afternoon, and that the plaintiff would wait until the arrival of the train from Jewell City at three o'clock. After the arrival of the train and the nonappearance of the defendant, either in person or by counsel, the action was tried and a divorce was granted to the plaintiff, giving to her the custody of two minor children and alimony of $100 to be paid on or before November 15, 1919, and a like sum on the 15th day of each month thereafter. On November 14, 1919, the defendant filed a motion for a new trial, and on November 18 he filed a motion to rescind, cancel, revoke and open the judgment. The defendant appeals from the judgment granting the divorce and from the orders overruling his motions.

1. One question to be considered is, Did the district court of Jewell county have jurisdiction to grant the divorce with the proceeding pending in Oklahoma in which service had been had prior to service in the present action? We quote from 15 Corpus Juris, page 1183, as follows:

"The pendency of an action in the court of one state or country is not a bar to the institution of another action between the same parties and for the same cause of action in a court of another state or country, nor is it the duty of the court in which the latter action is brought to stay the same pending a determination of the earlier action, even though the court in which the earlier action is brought has jurisdiction sufficient to dispose of the entire controversy."

The cases there cited amply support this rule. (*Ryan v. Seaboard & R. R. Co.*, 89 Fed. 397, 407; *Hatch v. Spofford,* 22 Conn. 485; *Wentz's Appeal,* 76 Conn. 405; *Seevers v. Clement,* 28 Md. 426; *Cole, use of Fie v. Flitcraft & Co.,* 47 Md. 312; *Gerke v. Colonial Tr. Co.,* 117 Md. 579; *Fairchild v. Fairchild,* 53 N. J. Eq. 678; *Bowne v. Joy,* 9 John [N. Y.] 221; *Smith*

7—108 KAN.

*et al. v. Lathrop et al.,* 44 Pa. St. 326.)   This rule has been applied to divorce proceedings.   (*Sworoski v. Sworoski,* 75 N. H. 1.)   It does not appear that judgment has been rendered in the Oklahoma action.   Probably the legal residence of both the plaintiff and the defendant at the time these actions were commenced was in Jewell county, Kansas; that certainly was the residence of the plaintiff.   The district court of this state had jurisdiction of the action there pending.   It obtained jurisdiction of both parties when service of summons was made on the defendant, and was justified in proceeding to trial and judgment notwithstanding the motion filed by the defendant setting up the proceedings in Oklahoma.

2.   Another question is, Did the court abuse its discretion in trying the action at the November term of court and in refusing to grant a continuance?   Court convened on November 10, and the plaintiff urged an immediate trial of the action. The defendant was in court by his attorney and asked for further time.   The motion to stay proceedings was set for hearing on the 12th, at which time all actions for divorce were set for trial.   The defendant's attorney failed to appear on that day, although specifically notified at noon that the action would be tried in the afternoon.   No excuse was then given to the court for not appearing on that day.   There was no abuse of discretion in trying the action at the November term of court.

3.   After trial and judgment the defendant requested that the judgment be set aside and that the action be continued beyond the term.   These requests were refused, but the court stated that he would hear whatever evidence the defendant might have, and that if the evidence justified it he would set aside the judgment.   No evidence was furnished, and the court was justified in refusing to set aside the judgment that had been rendered.

The judgment is affirmed.