(Decided December 13th, 1877.)

---

JESSE J. COLE, use of SARAH J. FIE *vs.* WILLIAM H. FLITCRAFT & CO.

### ATTACHMENT.

*Conflict of Jurisdiction—When a Court will suspend proceedings on an action therein pending on the ground of pending proceedings in another Court—Pleading—When "previous attachment" may be pleaded as a bar to an action—Foreign Judgments—Lis Pendens.*

As between Courts having concurrent jurisdiction over the same causes of action *in the same territory*, the Court where proceedings are first commenced will proceed to the final adjudication of the controversy, and the maxim "*qui prior est tempore, potior est jure*," must govern the case.

But it is very doubtful whether this is true of Courts of entirely distinct governments. It depends entirely upon the comity of the Courts of the several States what effect may be given to the *pending process* of the Court of one State in another.

There is no legal obligation on a State Court to suspend its action in a case between its suitors because a suit is pending in another State for the same property between other parties.

The mere pendency of an attachment against the defendant is no defence to the action brought by his creditor for the same debt. To make the plea of attachment a bar, it must be shown *that there was a judgment of condemnation thereon and execution made.*

Cole, use of Fie *vs.* Flitcraft & Co.

Since the pendency of an attachment is not a defence, it seems a necessary conclusion that its priority would be immaterial in a question between suitors in Courts of different States.

Foreign judgments are conclusive when they come incidentally in question, and are not impeached for want of jurisdiction; they have the same effect as domestic judgments.

A prior suit *in personam* in a foreign Court, between the same parties, for the same cause of action, is not a sufficient cause for stay or bar of a suit instituted in one of our own Courts.

It is only the definitive judgment on the merits that will be considered conclusive.

APPEAL from the Circuit Court for Cecil County.

On the 27th October, 1873, Jesse J. Cole, of Cecil County, issued an attachment out of the Circuit Court for said County, against Flitcraft & Co., of Philadelphia, Pa., and on the 1st November, 1873, the writ was levied on certain property of the defendants within the county. On the 5th November, the defendants entered their appearance and dissolved the attachment. The cause was continued by various pleadings until the 12th December, 1876, when an amended declaration was filed, containing the common counts, to which, among others, the defendant filed a special plea to the following effect: that the appellant, Cole, being a non-resident of Pennsylvania, an attachment was sued out of the District Court of the County and City of Philadelphia, by a certain McCullough, against the property of the appellant on the 11th December, 1873, on which process the same debt now sued for by Cole, was attached and condemned in the hands of the defendant, and said judgment of condemnation was by execution thereon made and satisfied, as appeared by record. Eight replications were filed to this plea. The first, *nul tiel* record: the second and third, impeaching the judgment, execution and satisfaction as collusive and fraudulent: the rest pleading matters in avoidance, *e. g.*, want

of notice of the attachment, illegality and irregularity in non-observance of the statute of Pennsylvania, &c., &c.

The seventh replication alleged that a prior attachment was issued by the appellant against the defendants in Maryland, which was served and to which they appeared, and the same was pending when the judgment of condemnation was rendered.

Issues were joined on the first three replications, and demurrers entered by the defendants to the rest, including the seventh.

The Court below sustained the demurrers, and the plaintiff appealed.

The cause was argued before BARTOL, C. J., BRENT, STEWART, MILLER and BOWIE, J.

*Henry W. Archer*, for appellant.

*Alexander Evans* and *Hiram McCullough*, for appellees.

BOWIE, J., delivered the opinion of the Court.

The material point presented by the record in this case is, whether the pendency of a prior attachment in this State is a good replication to a plea of judgment of condemnation, recovered (in a Court of competent jurisdiction in another State) against the defendants, as garnishees of the plaintiff, and execution thereof made and satisfied.

The appellant (plaintiff below) sued the appellees, by attachment on warrant, issued out of the Circuit Court for Cecil County, on the 27th of October, 1873. The cause was continued by various pleadings, until the 12th of December, 1876, when an amended *narr.* was filed, containing the common counts, to which, among others, the defendants filed a special plea to the following effect, that the appellant Cole, being a non-resident of Pennsylvania,

an attachment was sued out of the District Court of the County and City of Philadelphia, by one McCullough, against the property of the appellant on 11th December, 1873, on which process the same debt now sued for by Cole, was attached and condemned in the hands of the defendants, and said judgment of condemnation was by execution thereon made and satisfied, as appeared by record. Eight replications were filed to this plea, the first *nul tiel* record; the second and third impeaching the judgment and execution and satisfaction as collusive and fraudulent. The rest pleading matters in avoidance, *e. g.*, want of notice of the attachment, irregularity and illegality in non-observance of the statutes of Pennsylvania. The seventh alleged, that a prior attachment was issued by the appellant against the defendants in Maryland, which was laid and served, and to which they appeared, and the same was pending when the judgment of condemnation was rendered. Issues were joined on the first three replications, and demurrers entered by defendants to the residue, including the seventh.

It is not necessary to consider separately the demurrers to the several replications. They all involve by relation the sufficiency of the plea of judgment recovered in a Court of competent jurisdiction in a foreign State, and satisfaction thereof, as a bar to the action. If the plea is sufficient, the demurrers were properly sustained; if the plea was defective, "*vice versa,*" the demurrers should have been overruled.

The appellant's counsel confidently relies upon the decision of the Supreme Court of the United States, in the case of *Wallace vs. McConnell*, as sustaining the doctrine as between Courts of the several States, that the first attachment gives prior jurisdiction to the Court of the State from which it issued, and arrests proceedings on subsequent attachments in all other States,—thus supporting his seventh replication to the plea. It must be con-

ceded, that the language of the Court in that case is very broad, and hardly consistent with any other construction at first sight. But that was a case in which the question arose between Courts having concurrent jurisdiction over the same causes of action in the same territory. The District Court of Alabama, exercising the powers of a Circuit Court of the United States on the one hand, and the County Court of Mobile on the other. Suit was instituted in the former by *capias* on a promissory note, by the plaintiffs against the defendant, on the 10th of May, 1832. On the 8th of June, 1836, an attachment on warrant was issued at the instance of certain creditors of the plaintiff against him, and laid in the hands of the defendant, as garnishee, and returned to the County Court, where it was pending at the time of the plea.

Commenting upon the plea of attachment in the County Court and its effect, as a defence to the action, the Supreme Court declares that the jurisdiction of the District Court of the United States and the right of the plaintiff to prosecute his suit in that Court, having attached, that right could not be arrested or taken away by any proceedings in another Court. "This would produce a collision in the jurisdiction of Courts that would extremely embarrass the administration of justice. If the attachment had been conducted to a conclusion, and the money recovered of the defendant *before the commencement of the present suit*, there can be no doubt that it might have been set up as a payment upon the note in question." * * *

"The attaching creditor would in such case acquire a lien upon the debt, binding upon the defendant, and which the Courts of all other governments, if they recognize such proceedings at all, could not fail to regard. If this doctrine be correct, the priority of the suit will determine the right."

"The rule must be reciprocal ; and where the suit in one Court is commenced prior to the institution of proceedings

in attachment in another Court, such proceedings cannot arrest the suit, and the maxim '*qui prior est tempore, potior est jure,*' must govern the case."

These remarks were doubtless correct as far as applied to the facts then before the Court ; and to the Courts in which the conflict of jurisdiction then occurred, as between Federal and State Courts in the same State, but it is very doubtful whether they are applicable to Courts of entirely distinct governments. It depends entirely upon the comity of the Courts of the several States, what effect may be given to *the pending process* of the Court of one State in another. There is not, as far as we are advised, any legal obligation on a State Court to suspend its action in a case between its suitors, because a suit is pending in another State for the same property between other parties.

" *Vigilantibus non dormientibus subveniunt leges.*" In the case of *Brown vs. Somerville*, 8 *Md.*, 455, it was held, that the mere pendency of an attachment against the defendant is no defence to the action brought by his creditor for the same debt ; it must be shown, to make the plea of attachment a bar, *that there was a judgment of condemnation thereon and execution made.* This decision is based on the language of the 7th section of the Act of 1715, ch. 40, relating to attachments, and it was held that the same principles apply to cases of attachments on judgments as to foreign attachments. The same law (it is said in that case,) prevails in England, New York and Pennsylvania, and the case just quoted, *Wallace vs. McConnell*, 13 *Peters*, 136, is referred to as sanctioning the same doctrine.

If the pendency of an attachment is not a defence, it seems a necessary conclusion that its priority would be immaterial in a question between suitors in Courts of different States. The prior attachment in Maryland, would not according to our own decisions, have been a sufficient plea for the defendants in the attachment in Philadelphia.

Wherever the rule prevails that a judgment and satisfaction thereof are necessary to extinguish the plaintiff's claim against the garnishee, the doctrine of priority cannot exist.

This Court did not in *Brown vs. Somerville* advert to the priority of the attachment, as an element in its decision on the rights of the parties to that suit; nor did they refer to that feature in the case of *Wallace vs. McConnell*, but to the case generally as sanctioning the doctrine they had announced.

We learn from the record and the briefs of counsel, that the defendants were non-residents of this State, and resided in Philadelphia.

McCullough, a citizen of Maryland, went into Pennsylvania and sued out a writ of attachment against the property of the plaintiff, and laid the same in the hands of the defendant.

The judgment in a Pennsylvania Court of competent jurisdiction, although "*in rem*," must be as binding on the rights of the parties as such a judgment in this State.

Foreign judgments are conclusive when they come incidentally in question, and are not impeached for want of jurisdiction; and have the same effect as domestic judgments. *Taylor vs. Phelps,* 1 *H. & G.,* 492; *Barney vs. Patterson,* 6 *H. & J.,* 182.

In *Taylor vs. McNeal & Phelps,* the judgment which was relied on as a bar to the action, was a judgment of condemnation on attachment issued by a foreign Court. In delivering the opinion of the Court, BUCHANAN, C. J., said, "No principle is now better established than that where a debt has been recovered by attachment in a foreign Court, the recovery is a protection to the debtor as garnishee, against his original creditor." After citing many authorities in support of his position, English and American, he proceeds, "and nothing could be more unreasonable and unjust, than that a person who has been coerced by a sentence of a Court of competent jurisdiction to pay

a debt once, should be compelled to pay it a second time."
1 *H. & G.*, 503.

In the case of *Seevers vs. Clement,* the effect of the "*lis pendens,*" between the same parties, for the same cause of action, was considered by this Court, and after very full argument and the examination of the then most recent decisions in the several States, and the Courts of the United States, it was held, that a prior suit *in personam* in a foreign Court, between the same parties for the same cause of action, was not a sufficient cause for stay or bar of a suit instituted in one of our own Courts. *Vide Seevers vs. Clement*, 28 *Md.*, 434.

It was there declared, that "it is only the definitive judgment on the merits that will be considered conclusive, and that this rule has been frequently declared to obtain in all its force, both by the Federal and State Courts in regard to actions pending in another State of the Union."

This subject has been very recently examined in the Supreme Court of Rhode Island, and decided after careful consideration of the authorities, the Chief Justice delivering the opinion of the Court.

"The first cause of demurrer, (says the Chief Justice,) is, that the suit set forth in the plea is not alleged to have been instituted before the commencement of the present suit. And in his brief, the counsel for the plaintiff contends that there is no precedent for such a plea where the judgment was recovered by the defendant, or was recovered in a suit commenced subsequently to the suit in which it was pleaded. We do not see that it makes any difference which party has recovered judgment. The true question is, whether the controversy has been determined by a competent tribunal having jurisdiction; for, if it has been, the defendant has the right to insist that it shall not be further prosecuted unless for some technical reason he cannot have the benefit of the estoppel.

"The plaintiff says he cannot have the benefit of the estoppel because the suit in this State was first commenced. Is

this so? We think not. The defendant had the right to sue the plaintiff in New York, notwithstanding the plaintiff had sued him in Rhode Island." *Vide Paine vs. Schenectady Ins. Co.,* Supreme Court of Rhode Island, *American Law Register, September,* 1877.

In support of these views, the cases of *Ricardo vs. Garcias,* 12 *C. & F.,* 368; *Bissell vs. Briggs,* 9 *Mass.,* 462; *Mills vs. Duryee,* 7 *Cr.,* 481; 2 *Amer. L. Cases,* 611, *(5th Ed.,)* are cited.

It is true the actions in the principal case were direct cross-actions, and not as in the present, cases of attachment: yet in the latter the garnishee represents his creditor, who is the plaintiff in the first suit, and the subject in controversy in part is the thing condemned.

In maintenance of their views the Supreme Court of Rhode Island remark: "The two cases of *Baxley vs. Dinah,* 16 *Pa. St.,* 241; and *North Bank vs. Brown,* 50 *Maine,* 214, are closely in point. In *Baxley vs. Dinah,* 16 *Pa. St.,* 241, an action was commenced in Maryland, December 30th, 1846, and in Pennsylvania, for the same cause June 2nd, 1847. The defendant pleaded the prior pendency of the Maryland action, in abatement to the Pennsylvania action, and the plea was overruled. The plea of prior pendency being available only when both actions are pending in the same State. *Bowne, et al. vs. Joy,* 9 *Johns.,* 221; *Walsh et al. vs. Durkin,* 12 *Ib.,* 99."

The result of these authorities is, we think, that a judgment of condemnation rendered in a Court of competent jurisdiction in another State, and execution and satisfaction thereof by the garnishee, is a good plea in bar, to a suit by the original creditor against the garnishee for the same debt, whether the process of attachment in the other State was prior or subsequent in date.

The seventh replication being disposed of, it is only necessary to remark that the matters relied on by the plaintiff, in the other replications demurred to, did not involve

the jurisdiction of the Court, whose judgment was pleaded in bar. And the judgment being in itself *"prima facie"* evidence of jurisdiction, according to the best authorities, the demurrers to those replications were properly sustained. *Vide Bank of the U. S. vs. Merchants' Bank of Balt.*, 7 *Gill*, 430.

The allegations of fraud being negatived by the verdict, and all the issues of fact found in favor of the defendant, nothing remains but to affirm the judgment.

*Judgment affirmed.*

(Decided December 14th, 1877.)