## LEADVILLE COAL COMPANY v. McCREERY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 969.  Argued and submitted October 29, 1891. — Decided November 9, 1891.

When, in pursuance of the jurisdiction conferred by the laws of the United States, a Circuit Court of the United States takes possession of the property of a defendant, situated within a State, and proceeds to final decree, determining the rights of all parties to that property, its decree is not superseded and its jurisdiction ended by reason of subsequent proceedings in the courts of the State looking to the administration of that property in accordance with the laws of the State.

A decree in such case, determining the claims of all creditors and their right to share in the distribution of the property, is final as to all who had notice and knowledge of the proceedings.

In this case there were no irregularities in the proceedings which can be challenged here.

In equity.  The case is stated in the opinion.

*Mr. Henry Crawford,* for appellants, submitted on his brief.

*Mr. Charles C. Baldwin,* with whom was *Mr. Cecil D. Hine* on the brief, for appellees.

Mr. Justice Brewer delivered the opinion of the court.

The facts in this case are these: On February 21, 1883, a suit was commenced in the Circuit Court of the United States for the Northern District of Ohio, by the Lake Superior Iron

Company and others against Brown, Bonnell & Company, a corporation having large and extensive iron works. A receiver was then appointed, who took possession of the property of the company; and such proceedings were thereafter had that in February, 1886, a decree was entered ascertaining the claims of each creditor who had appeared and proved his claim, 176 in number, and directing a sale of the property. From that decree the defendant appealed to this court. On the hearing of the appeal the decree was affirmed, *Brown* v. *Lake Superior Iron Co.*, 134 U. S. 530, and a mandate sent to the court below, directing it to carry the decree into execution. An order of sale was thereafter issued and the property sold, and purchased by the present appellees, acting as trustees for all the creditors who chose to enter into a proposed new corporation; and into such corporation nearly all the creditors, over ninety-six per cent in amount, entered. On the coming in of the report of the master, a decree was entered confirming the sale, 44 Fed. Rep. 539; from which decree these appellants have taken this appeal. Two of the appellants, the Leadville Coal Company and Charles S. Worden, claimed to have been creditors of Brown, Bonnell & Company; and the other two to have been stockholders in that corporation.

The first contention of appellants is, that by proper proceedings in the Court of Common Pleas of Mahoning County, Ohio, the corporation defendant, Brown, Bonnell & Company, had been, on July 12, 1889, after the original decree in the Circuit Court of the United States, and before the hearing of the appeal by this court, judicially dissolved, and one Hallett K. Taylor appointed receiver, and charged with the statutory duties of holding, managing and disposing of all the corporate assets, and distributing them among creditors; and that thereafter the Circuit Court of the United States ought not to have proceeded further, but should have turned the property over to such statutory receiver, in order that the property might be distributed under the direction of the state court. The argument is, that the judicial decree of dissolution of the corporation, the sole defendant, was equivalent to the death of an individual defendant: and that all subsequent proceedings

in reference to the disposition of the property and assets of this deceased defendant must be had according to the laws, and in the courts, of the State creating the corporation.

It is worthy of notice that the case in which the decree of dissolution was entered was not commenced till long after this suit was begun and the receiver had taken possession of the property : that the receiver thus appointed by the state court does not himself come into this court and ask possession of this property ; and also, that the state court in its decree of dissolution, expressly recognized the possession of the United States court, and in the following words declined to interfere therewith : " But inasmuch as it appears to the court that the estate and effects of said Brown, Bonnell & Co. are at the present time in the hands of a receiver appointed by and acting under the orders of the Circuit Court of the United States for the Northern District of Ohio, it is ordered that the receiver hereby appointed shall not interfere with the possession of the receiver appointed by said Federal court of the effects and assets of said corporation." But we do not care to rest our conclusion on these circumstances. The Circuit Court takes its jurisdiction not from the State of Ohio, but from the United States ; and the extent of its jurisdiction is not determined by the laws of the State, but by those of the United States. Doubtless, while sitting in the State as a court of the United States, it accepts and gives effect to the laws of the State so far as they do not affect its jurisdiction and the rights of non-resident creditors. It nevertheless exercises powers independent of the laws of the State ; and when, in pursuance of the jurisdiction conferred by the laws of the United States, it takes possession of the property of a defendant and proceeds to final decree, determining the rights of all parties to that property, its decree is not superseded and its jurisdiction ended by reason of subsequent proceedings in the courts of the State, looking to an administration of that property in accordance with the laws of the State. It would be an anomaly in legal proceedings if, after a court with full jurisdiction over property in its possession has finally determined all rights to that property, subsequent proceedings in a court of another

jurisdiction could annul such decree, and disturb all rights once
definitely determined. No such anomaly exists in the relative
jurisdiction of state and Federal courts. The latter having
once acquired full jurisdiction, and proceeded to a final deter-
mination, may rightfully proceed still further and to an exe-
cution of that decree, irrespective of any proceedings in the
courts of the State. The first and principal contention of the
appellants must therefore be overruled.

Secondly. It is insisted that the Circuit Court erred in re-
fusing to allow a contest of the adjudication of the rights of
creditors made in its final decree, on the subsequently filed
petition of these appellants; and also that it refused to allow
the claim of one of these appellants, who now insists that he is
a creditor and entitled to share in the proceeds of the sale. In
the proceedings anterior to the final decree, it appears that
notice was given to all creditors to prove their claims, and
that this particular creditor had notice of those proceedings,
but failed to make proof of his right. It is now insisted that
the decree in respect to these several claims was merely inter-
locutory, and that the matter is open to further and subsequent
inquiry. There is no pretence of want of notice, or ignorance
of the proceedings, and no excuse given for failing to litigate
all these matters when before the court prior to the decree.
Under such circumstances we dissent entirely from the con-
tention that this decree was, as to these matters, merely an
interlocutory order. That decree determined the rights of all
parties interested in the proceeds of this property, and if any
one of these appellants, after notice, failed to assert his rights
or to challenge the allowances then made by the court, his
rights and challenge were lost. He has had his day in court,
and is concluded by the final decree.

The final contention is, that there were certain irregularities
in the sale, and those irregularities are sought to be established
principally by the affidavits of counsel for appellants, based
upon hearsay testimony. So far as such affidavits rest on hear-
say testimony, it is enough to say that they prove nothing;
and in so far as they refer to other matters, it is also enough
to say that we see no substantial error in the proceedings of

the sale. The defendant is not now contesting the sale, and so far as any trifling matters are concerned, it does not lie in the mouth of these alleged creditors and stockholders to challenge the regularity of the proceedings. Indeed, we cannot fail to observe that the main scope and purpose of this appeal seem to be to relitigate questions fully determined by the final decree appealed from and affirmed.

We see no error in the record, and the decree of the Circuit Court is

*Affirmed.*

MR. JUSTICE BRADLEY and MR. JUSTICE GRAY did not hear the argument or take part in the decision of this case.