GIP HUSBANDS, RECEIVER, vs. THE ÆTNA INDEMNITY COMPANY (THEODORE H. MACDONALD, INSURANCE COMMISSIONER, vs. THE ÆTNA INDEMNITY COMPANY).

First Judicial District, Hartford, October Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

Allegations of fact have no proper place in a demurrer.

The contingent liability which a surety company incurs by giving its bond for the faithful performance of the duties of the principal named therein, becomes certain and absolute upon the principal's default; and therefore if that happens prior to the appointment of a receiver of the surety company—as in the present case—a claim for the damage resulting therefrom, although unliquidated, is provable for a dividend against the assets in the hands of the receiver.

A receiver who, acting under a general order of the court appointing him, assumes and directs the defense of actions pending against the corporation in other jurisdictions—whether in its name or in his own as receiver—must be held to have thereby recognized the claims against which he defends, as claims properly before him as receiver, and must be bound by the result of such litigation; for were it otherwise, the expenditure of the receivership funds in defending these actions would be without meaning. Nor is it of any consequence, under such circumstances, that the claim as finally allowed in the receivership proceedings takes the form of a judgment which was rendered after the receiver's appointment. Having elected to liquidate the claim in a foreign jurisdiction, the resulting judgment is as binding as though it had been rendered by the receivership court itself.

In the absence of statutory regulation, the court appointing the receiver has full power to determine how the validity or amount of a claim may be ascertained, whether by itself or by a court in the foreign jurisdiction.

Argued October 1st, 1918—decided January 30th, 1919.

APPLICATION in receivership proceedings praying for an order directing the receiver of the defendant corporation to list the claim of the plaintiff as a valid claim against such corporation, and that it be allowed to participate as a general claim in the distribution of the assets of the defendant company, and for other relief, brought to and tried by the Superior Court in Hartford County, *Burpee, J.*, upon demurrer to the application; the court sustained the demurrer and dismissed the application, and from this judgment the plaintiff appealed. *Error and cause remanded.*

The application, from the denial of which this appeal is taken, alleges the following material facts, to wit: On or about April 15th, 1901, the Ætna Indemnity Company executed a surety bond for $10,000, as surety for one Caldwell who was trustee by general assignment for the Paducah Building Trust Company, of Paducah, Kentucky, under the provisions of the Kentucky statute. Said Caldwell, trustee, converted funds of the Company to his own use, and in 1903 suit was brought against him as principal, and the Indemnity Company as surety, together with another surety company which was also on his bond, in the Circuit Court for McCracken County, Kentucky, to recover on said bond. The Indemnity Company defended said action, confessing the liability but denying any misappropriation of the assets by Caldwell. On March 11th, 1909, judgment was rendered in said action against the two defendants jointly for $3,365.74. All the parties to this action appealed, but the appeals were not pursued at the time and said judgment was paid, the Indemnity Company paying one half, amounting to $1,687.87.

The present applicant, Gip Husbands, was made receiver of said Paducah Company, and on August 20th, 1910, under the provisions of the Kentucky statute, instituted an appeal to the Kentucky Court of Appeals

from said judgment rendered in 1909. On November 4th, 1910, the Indemnity Company instituted a cross-appeal upon said judgment. One Mocquot, a lawyer in Paducah, represented the Indemnity Company in the trial court and upon the appeal. On January 7th, 1911, and while said appeal was pending, the Indemnity Company was, by the Superior Court in Hartford County, placed in the hands of a receiver, which receivership still continues. Neither the applicant nor his counsel were ever informed of the receivership of the Indemnity Company by its counsel or by the receivers, and never knew anything of said receivership or of any proceedings therein until early in 1916. On or about June 11th, 1911, the Kentucky Court of Appeals reversed the judgment of the trial court and remanded the case for a new trial. On December 4th, 1915, final judgment was rendered against the Indemnity Company for $8,217.13 with six per cent interest thereon from the date of judgment. The Indemnity Company took an appeal from said last judgment, but never prosecuted the same to effect, and the time for appeal has expired, and such judgment is still in full force and unpaid.

The applicant further alleges that by reason of the pendency of said action against the Indemnity Company in the courts of Kentucky at the time of the appointment of the receivers of said Company, they had full knowledge and notice of the existence of said claim against said Company; that after their appointment said receivers continued the defense of said action through their Kentucky counsel, though in the name of the Ætna Indemnity Company and not of said receivers; that the applicant was never informed, nor did he ever have notice, of the appointment of the receivers of said Ætna Indemnity Company or of the time limited by this court for the presentation of claims

against said receivers, and had no knowledge of the same until the present year (1916); that said action was prosecuted by the applicant in the Kentucky courts in good faith for several years, in the expectation that a judgment obtained against the Ætna Indemnity Company would be valid and binding upon it; and finally, that no prejudice has resulted to the receivers of the Ætna Indemnity Company or to the creditors of said Company by reason of the failure of the applicant, due to his ignorance of the appointment of said receivers, to present said claim formally to said receivers. Continuing, it is alleged that the receiver of the Ætna Indemnity Company now refuses to entertain the claim of the applicant upon the ground that the same has not been formally presented to the receiver, that it is now too late to present it, and, upon the further ground, that a judgment rendered after the appointment of the receivers is not binding upon and is no basis for a claim against said receivers. The applicant then states his claims, and for relief requests the court to pass an order authorizing and directing the receivers of the Ætna Indemnity Company to list said claim in the amount specified in said judgment as a valid claim against said Ætna Indemnity Company, and that said claim may participate as a general claim in the distribution of the assets of said Company, or for such other and further relief as to this court shall seem proper.

The receiver filed his demurrer to said application and for reasons of demurrer alleged: "(1) The time limited by this court for presentation of claims expired January 1st, 1912. (2) It appears that the claimant did not present any claim within the time limited to your receiver and has never presented any claim; nor obtained an extension of time for so doing. (3) It appears that the claim itself is based solely upon and consists of a judgment rendered in a Kentucky court

on December 4th, 1915, and subsequent to the appointment of a receiver in these proceedings. (4) It appears that on January 7th, 1911, the date of the appointment of the receiver in this action, the claim had not accrued but was absolutely contingent and therefore not provable for a dividend in these proceedings, if presented, received or listed." This demurrer was sustained by the court and judgment rendered thereon dismissing and disallowing said claim. It was agreed upon the argument that the records of the receivership would show that on January 18th, 1911, the court authorized the receiver to continue the defense of actions pending in other States against the Ætna Indemnity Company, of which there were a large number; and also that the extended order of limitation for the presentation of claims expired January 1st, 1912.

*Lewis Sperry* and *Harry W. Reynolds,* for the appellant (plaintiff).

*J. Birney Tuttle,* for the appellee (defendant).

GAGER, J. This appeal involves the question of the correctness of the ruling of the trial court sustaining the demurrer to the application. The first reason of demurrer, to wit, that the period of limitation for presentation of claims expired January 1st, 1912, is but an allegation of fact. However, as this was admitted to be true upon the argument, it will be assumed so far as necessary in considering the other causes of demurrer.

The fourth cause of demurrer which, in logical order, should be examined first, is that on January 7th, 1911, the date of the appointment of the receiver in this action, the claim of the applicant had not accrued, but was absolutely contingent and therefore not provable for a dividend in these proceedings. This claim is

effectually answered in *Bridgeport* v. *Ætna Indemnity Co.*, 91 Conn. 197, 99 Atl. 566. The authorities are there exhaustively examined, and the distinction between a contingent and an unliquidated claim is clearly pointed out. That was a case of a bond given by the Indemnity Company, and the court said (p. 207): "The event, whose happening was, by the terms of the contract, to constitute a breach of it, and create a consequent liability for the resulting damage to the city, occurred some months prior to the receivership proceedings, and the . . . Indemnity Company's liability thereby became an accrued and absolute one, remaining to be liquidated only. It was therefore provable in the receivership proceedings." In the present case the contingency which fixed the liability of the Indemnity Company happened in 1903, when Caldwell, the principal on the bond, defaulted and failed upon legal order to account and turn over to the applicant the assets he should have had on hand. At that time the obligation became absolute and the right of action accrued. Suit was at once brought and this suit was pending when the receiver was appointed. The liability was admitted by the Indemnity Company, and all that remained was an accounting to determine the amount of Caldwell's shortage and thus determine the exact amount due from the Indemnity Company to the estate in the hands of the receiver. The claim was then, upon January 7th, 1911, provable for a dividend. The *Bridgeport* case is so recent and so thorough in its discussion of what are and what are not accrued claims, that further citation of authorities is unnecessary in this jurisdiction. Attention should, however, be drawn to the fact that the present case is stronger for the claimant than was the *Bridgeport* case, for the latter case involved the liquidation of future damages, while in the present case all the damage had accrued prior

to the bringing of the original action in Kentucky in 1903 and more than seven years prior to the receivership.

The second reason of demurrer is that the claimant did not present to the receiver any claim within the time limited by order of the court, and has never presented any claim or obtained any extension of time for so doing. Unlike the case of *Bashford-Burmister Co.* v. *Ætna Indemnity Co.*, *ante*, page 165, there was here no order of compromise nor application therefor, and there is no Federal statute that controls the method of liquidation. The present case stands squarely upon the effect of the general order of January 18th, 1911, authorizing the receiver to defend actions in other States, and the actual defense of this action by the receiver through counsel employed by him from the beginning of the receivership to the date of final judgment thereon, December 4th, 1915, to which are to be added the allegations as set out in the application and admitted by the demurrer, that the applicant never was informed by the receivers or their counsel of the existence of a receivership nor had he such knowledge until after final judgment had been rendered in the Kentucky case, and that he had prosecuted the action to judgment in good faith supposing that the judgment would be valid and binding on the Indemnity Company. The receiver is the officer of the court. His action, within the scope of his authority, is the action of the court. The application shows that as matter of fact the receiver, within the time limited, had full knowledge of this claim and action, and, instead of withdrawing from further litigation and informing the plaintiff of the receivership, took cognizance of the claim by causing counsel to continue the defense in the Kentucky court under his direction and control, though in the name of the Indemnity Company, and he did this under authority of the order

of the court which appointed him. It is not to be supposed that an order of this character, and action under it, are entitled to be, or will be permitted to be, given the effect of a trap for the ignorant or the unwary calculated to shut out claimants who may have assumed that when the receiver comes to defend he does so because he has knowledge of and recognizes the existence of the claim as fully as though it were formally presented, and elects to contest it in the court in which it is being litigated upon his appointment rather than transfer the litigation, which oftentimes would be attendant with great inconvenience to the receiver as well as to the defendants, to his home court. The sound and fair rule, which misleads no claimant and gives away no right of the receivership or its creditors, must be and is that where a receiver, acting under the authority of the court of his appointment, either in his own name as receiver, or in the name of the corporation, undertakes in other jurisdictions the defense of actions pending against the corporation of which he is the receiver, such receiver must be held to have recognized the claims against which he is defending as properly before him as receiver and must be bound by the result of such litigation. Unless such is the rule, the expenditure of the funds of the receivership in litigating and the action of the receiver in defending are without meaning. The undertaking of the defense of an action pending in another State under the authorization of the home court constitutes an election to liquidate the claim in the foreign jurisdiction; and it matters not that this defense is conducted in the name of the corporation, as allowed by the statutes, § 6083. The questions of presentation of claims and litigation in the name of the corporation without disclosing the fact of the receivership, are fully discussed in the opinion in the *Bashford-Burmister Co.* application above mentioned,

which was decided at the same time as the present case, and that opinion is referred to upon these points and need not be here repeated. Equitably the claim must be deemed to have been presented when the receiver, in his own name or in the name of the corporation, with full knowledge, undertook the defense and did defend to final judgment.

The remaining reason of demurrer is this: "It appears that the claim itself is based solely upon and consists of a judgment rendered in the Kentucky court on December 4th, 1915, and subsequent to the appointment of the receiver in these proceedings." If a claim which had accrued before the receivership had been liquidated and reduced to judgment, as it might, in the court of the receivership, as in the *Bridgeport* case, no objection could have been taken because the claim as finally allowed had taken the form of a judgment. The same result must follow where, in an action pending at the appointment of the receiver, the receiver, authorized by his court, steps in and defends to final judgment. If the view is right that such action in equity amounts to a presentation of the claim, and the defense in another jurisdiction is authorized, the resulting judgment must be as binding as though obtained in the home jurisdiction. The court of the receivership, in the absence of any statutory regulation, has full power to determine how the validity or amount of the claim may be ascertained, whether by itself or in a foreign jurisdiction. Ordinarily reasons of convenience will determine. Authorizing the receivers to contest in another jurisdiction is in no sense an abandonment of its jurisdiction or an infringement of the general doctrine that the court of the receivership has "full and exclusive jurisdiction over the assets of the estate within the limits of the State." It is rather a delegation of power just as valid as a reference to a

committee of its own choosing. The foreign court is in effect a tribunal of its own choosing, although it may be located in another jurisdiction. The existence and recognition of this power of election and delegation is fully discussed and shown in the opinion in the *Bash-ford-Burmister Co.* case to which reference is again made to avoid repetition. No one of the reasons of demurrer is valid, and the demurrer should have been overruled.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.