Frank B. Ober, of Baltimore, Md. (Matthew Gault, of Baltimore, Md., on the brief), for appellee.

### SCHWARTZ v. RANDOLPH.

No. 3606.

Circuit Court of Appeals, Fourth Circuit.

Oct. 2, 1934.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Nathan Schwartz, a creditor of Universal Chain Theatres Corporation, challenged the jurisdiction of the District Court in receivership proceedings to pass on the merits of a contested claim for $79,328.92 filed by him against the corporation, because he had previously brought suit against the corporation on the same claim in the Supreme Court of the state of New York. The District Court overruled the objection to its jurisdiction, and the propriety of this ruling presents the sole question on this appeal.

On February 7, 1933, a suit in equity for the appointment of a receiver to conserve the assets of the corporation was filed in the Dis-

trict Court by a stockholder, who alleged that the corporation was solvent but was unable to carry on its business on account of great dissension among the directors. The corporation filed an answer admitting the allegations of the bill and consenting to the appointment of a receiver. Thereupon a receiver was appointed, all actions against the corporation were enjoined, and all claims against the corporation were required to be filed therein on or before May 15, 1933.

Schwartz was a director and stockholder of the corporation. On February 17, 1933, he made an application for permission to intervene in the case, and, leave having been granted, he filed an answer on behalf of the corporation and on his own behalf individually, praying that the order appointing the receiver be vacated and that the bill of complaint be dismissed. This petition, after hearing at which Schwartz appeared and took an active part, was denied by a formal decree of the court, from which no appeal was taken. Subsequently, on May 5, 1933, Schwartz instituted a suit against the corporation in the Supreme Court of the state of New York, claiming damages in the sum of $79,328.92 for breach of a contract of employment between him and the corporation; and later, on May 11, 1933, a few days before the expiration of the period allowed by the order of the District Court for the filing of claims, he filed the same claim in the receivership proceedings in the District Court. On June 9, 1933, the District Court, upon a petition of the receiver, passed an order requiring Schwartz to show cause on or before June 29th why his claim should not be reduced to the sum of $2,500, and on the latter date Schwartz filed a special appearance in the receivership proceedings claiming that the court was without jurisdiction to pass on his claim because he had previously instituted the suit in New York. Hearing was held on July 13, 1933, at which Schwartz appeared specially by counsel, who presented the objection to the jurisdiction. No testimony was introduced on his behalf on the merits of the claim; but testimony was introduced by the receiver, and thereupon the District Court overruled the objection to its jurisdiction and ordered that the claim be reduced to the sum of $2,500. From this order the pending appeal was taken.

■ The contention of the appellant is that, since he had filed a suit in a different jurisdiction against the corporation in which he was attempting to liquidate his claim, he was entitled to pursue that remedy to its conclusion and obtain an adjudication as to the amount of his claim. This contention rests in the first place upon the established rule, not disputed in this case, that the appointment of a receiver by a court of competent jurisdiction in the exercise of its chancery powers to take charge of the property of a corporation does not of itself terminate or affect the existence of the corporation, or prevent the institution of an action at law against it elsewhere, unless the action interferes with the receiver in his possession of the property or has been restrained or enjoined in the receivership proceedings by an order binding upon the plaintiff. Calhoun v. Lanaux, 127 U. S. 634, 8 S. Ct. 1345, 32 L. Ed. 297; Chemical National Bank v. Hartford Deposit Co., 161 U. S. 1, 16 S. Ct. 439, 40 L. Ed. 595; Riehle v. Margolies, 279 U. S. 218, 49 S. Ct. 310, 73 L. Ed. 669; U. S. F. & G. Co. v. Vicars (C. C. A.) 10 F.(2d) 474, 476. See, also, Clark v. Williard, 292 U. S. 112, 54 S. Ct. 615, 78 L. Ed. 1160; 8 A. L. R. 442, 445, note.

So we are told here that the claimant had the right to bring the suit in New York beyond the effective scope of the injunctive order of the District Court in Maryland, and to reduce his claim to judgment, and, further, that in the meantime, the latter court was without power to decide the controversy. It is said that the claimant, by subsequently filing the claim in the receivership proceedings, did not abandon his right to have the matter adjudicated in the court of his choice, but merely gave notice to the receiver of the existence of the claim as he could not fail to do except at the great risk of losing it. See St. Louis, etc., R. R. Co. v. Spiller, 274 U. S. 304, 313, 47 S. Ct. 635, 71 L. Ed. 1060; Leadville Coal Co. v. McCreery, 141 U. S. 475, 478, 12 S. Ct. 28, 35 L. Ed. 824.

■ These considerations, however, did not deprive the District Court in the proper exercise of its jurisdiction over the affairs of the corporation, of the power to receive the claims of creditors and pass upon their merits. Such a power in receivership proceedings is universally recognized. Riehle v. Margolies, 279 U. S. 218, 224, 49 S. Ct. 310, 73 L. Ed. 669; McDonald v. Ætna Indemnity Co., 93 Conn. 194, 105 A. 480, 483; Blake v. State Svgs. Bank, 12 Wash. 619, 622, 41 P. 909; Leadville Coal Co. v. McCreery, supra. The practice is analogous to that in bankruptcy when, under the provisions of the statute, creditors submit their claims to the jurisdiction of the court. The filing of the claim in Maryland was itself a submission of the matter to the determination of the court, and it was none the less significant that it was done in response to a notice to creditors necessarily

894

given by the court in the usual manner to expedite the settlement of the estate. We have then in effect the filing of two suits in personam, involving the same subject-matter, in separate jurisdictions foreign to one another. The power of the courts in such a contingency is clear. The mere pendency of the action in one court prior to the rendering of judgment does not oust the jurisdiction of the other. McClellan v. Carland, 217 U. S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762; Patterson v. Safe Deposit & Trust Co. (C. C. A.) 148 F. 787, 790; Cole v. Flitcraft, 47 Md. 312, 319; Kline v. Burke Const. Co., 260 U. S. 226, 230, 232, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U. S. 611, 615, 623, 46 S. Ct. 420, 70 L. Ed. 757, 53 A. L. R. 1265; Mutual Life Ins. Co. v. Harris, 96 U. S. 588, 593, 24 L. Ed. 737; Riehle v. Margolies, 279 U. S. 218, 49 S. Ct. 310, 73 L. Ed. 669. Circumstances may indeed arise in which the court of one jurisdiction, in the exercise of its discretion, may stay its hand pending the action of the court in the other, and the abuse of this discretion in hearing or refusing to hear a case may be the proper subject of an appeal. McClellan v. Carland, 217 U. S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762. It has not been and could not be charged that there was an abuse of discretion on the part of the District Court in this case. The claimant had had an opportunity to litigate the propriety of the action of the District Court in appointing a receiver, and, the decision being against him, he had refrained from taking an appeal. The District Court was ready to decide upon the merits of his claim and he was assured of a speedy hearing, a circumstance not only beneficial to him but also to the other creditors interested in an expeditious administration of the estate, especially as there was no showing that the New York court could provide a speedy hearing on the merits of the case. In our view, the action of the District Court was unquestionably normal and proper.

█ It has already been noticed that Schwartz became a party to the receivership proceedings when he intervened in the case. Thereby he submitted himself to the jurisdiction of the court and became bound by the decree which enjoined the institution of actions against the corporation. We need not stop to consider whether the technical effect of this decree was to preclude the institution of a suit by Schwartz in a court beyond the limits of the District of Maryland, or to deprive such a court of jurisdiction to consider his claim. See Schindelholz v. Cullum (C. C. A.) 55 F. 885; Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538. It is sufficient to say that his attempt to impede the administration of the estate in Maryland after failing to quash the whole proceedings deserved the condemnation of the District Court and makes it the more clear that its determination to proceed with the liquidation of the claim without further delay was wisely and properly made.

The order of the District Court is affirmed.