## HINTON et al. v. SEABOARD AIR LINE R. CO. et al.

### No. 5798.

United States Court of Appeals
Fourth Circuit.

Nov. 8, 1948.

Charles H. Houston, of Washington, D. C. (Joseph C. Waddy, of Washington, D.C., and Oliver W. Hill of Richmond, Va., on the brief), for appellants.

William G. Maupin and W. R. C. Cocke, of Norfolk, Va. (Harold C. Heiss and Russell B. Day, both of Cleveland, Ohio, Ralph M. Hoyt, of Milwaukee, Wis., and James B. McDonough, Jr., of New York City, on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in a class suit instituted by colored firemen employed by the Seaboard Air Line Railroad Company to enjoin that company and the Brotherhood of Locomotive Firemen and Enginemen from enforcing against colored firemen in the service of that railroad discriminatory provisions of collective bargaining agreements of February 18, 1941, and May 18, 1942,

entered into between the railroad and the brotherhood as bargaining agent of all the firemen employed by it. The first of these agreements was condemned by us as discriminatory in our decision in the case of Brotherhood of Locomotive Firemen and Enginemen v. Tunstall, 4 Cir., 163 F.2d 289, and is fully described in our opinion in that case. The second forbade the employment of colored firemen on Diesel locomotives. The suit was instituted February 12, 1947. On December 30, 1947, an injunction pendente lite was entered therein restraining the defendants from enforcing against colored firemen employed by the railroad the discriminatory provisions of the two agreements.

Following the denial of certiorari by the Supreme Court in the Tunstall case, supra, 332 U.S. 841, 68 S.Ct. 262, and after the entry of the injunction pendente lite in the case at bar, the brotherhood as bargaining representative of all firemen on railroads in the southeastern part of the United States, on January 26, 1948, proposed to the Seaboard and other railroads operating in that section changes in the collective bargaining agreement. The colored firemen contend that these changes were directed against them and that the effect of the changes would be to deny them employment on account of race and color. They accordingly caused a class suit, to which we shall refer hereafter as the Palmer suit, to be instituted in the United States District Court for the District of Columbia in behalf of the colored firemen employed by the Seaboard, the Southern and the Atlantic Coast Line Railway Companies, these three being the principal railroads of the southeast, against the three railroads named, the brotherhood and a number of its subordinate lodges. The complaint filed in that suit, while setting forth the right to be properly represented by their bargaining agent, asked by way of relief nothing with respect to the agreements of February 18, 1941, or May 18, 1942, but confined its prayer for relief to asking that the brotherhood and the railroads be enjoined from negotiating with regard to the proposals of January 26, 1948, and that the brotherhood be enjoined from acting as representative of the colored firemen under the Railway Labor Act, 45 U.S.

C.A. § 151 et seq., so long as it refused them any voice in collective bargaining or in the selection of bargaining agents. On April 29, 1948, an injunction pendente lite was entered by Judge Holtzoff in that suit enjoining the defendants therein from entering into any agreement embodying the proposals of January 26, 1948. An appeal from the order granting this interlocutory injunction is now pending in the United States Court of Appeals for the District of Columbia.

The defendant Seaboard Air Line Railway Company, on February 25, 1948, filed a motion with the District of Columbia Court in the Palmer suit to dismiss that action because of the pendency of the present suit, or in the alternative to stay proceedings there until the proceedings here should be determined. That motion was denied on April 13, 1948. The Seaboard thereupon, on April 27, 1948, filed a petition in the court below asking that the plaintiffs and their attorneys be enjoined from prosecuting the Palmer suit in the District of Columbia against the Seaboard and the brotherhood as bargaining agent for its firemen and to dismiss that suit as to such defendants. The District Judge entered an order to that effect and plaintiffs have appealed. The only question presented by the appeal is whether the pendency of this suit is ground for enjoining herein the prosecution of proceedings in the Palmer suit. We think it clear that this question should be answered in the negative.

This suit is not an action in rem or quasi in rem, where the court's control over property subject to its jurisdiction might be interfered with by proceedings in another tribunal, nor is it one wherein its ability to properly adjudicate the questions before it could be in any way interfered with by proceedings in the Palmer suit. Even if the suits were between the same parties and involved application for the same relief, therefore, no ground for granting injunctive relief would be presented. The case would fall within what Judge Walter H. Sanborn calls the "unquestioned rule that the pendency in a state or other court of an action in personam which involves no claim to or lien upon specific property in the possession or under the do-

minion of a national court of equity, and no issue of which that court has acquired exclusive jurisdiction, presents no ground for a dependent bill to stay it." Guardian Trust Co. v. Kansas City Southern R. Co., 8 Cir., 171 F. 43, 50, 28 L.R.A.,N.S., 620. As said by Judge Jenkins, speaking for the Circuit Court of Appeals of the Seventh Circuit in Baltimore & O. R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678, 680: "Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined; and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law." The rule is thus stated with citation of the controlling authorities in Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077:

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

See also Insurance Co. v. Brune's Assignee, 96 U.S. 588, 24 L.Ed. 737; Stanton et al. v. Embrey, 93 U.S. 548, 23 L.Ed. 983;

Purcell v. Summers, 4 Cir., 126 F.2d 390, 395; Schwartz v. Randolph, 4 Cir., 72 F.2d 892, 894, 96 A.L.R. 480; Merritt v. American Steel Barge Co., 8 Cir., 79 F. 228, 232; Ambursen Hydraulic Const. Co. v. Northern Contracting Co., 140 Ga. 1, 78 S.E. 340, 47 L.R.A.,N.S., 684; 28 Am.Jur. 385.

It is perfectly clear also that the two suits are not between the same parties and do not involve the same relief. While both are class suits, the case at bar is brought only in behalf of the colored firemen employed by the Seaboard, and only against that railroad and the brotherhood as their representative, whereas the Palmer case is brought in behalf of all colored firemen employed by the three great southeastern railroad systems, the Seaboard, the Southern and the Coast Line, and is brought against all three of the railroads and the brotherhood as bargaining representative of the firemen employed by all of them. The purpose of the case at bar is primarily to enjoin enforcement of provisions of contracts already agreed upon between the Seaboard and the brotherhood; the purpose of the Palmer suit is primarily to enjoin the brotherhood and the three southeastern railroads from negotiating in the future with a view to agreeing upon proposals made after this suit was instituted and after an injunction pendente lite had been granted, and also to enjoin the brotherhood from acting as bargaining representative of the firemen so long as it denies them any voice in the matter of bargaining or the selection of bargaining representatives. The two suits had in common the fact that they were grounded upon the rights declared by the Supreme Court in Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173, and by this court in the Tunstall case, supra; but these rights had already been settled and nothing further was required in that regard. The two suits were to obtain relief from contracts and negotiations that were alleged to deny the rights thus established, and the matters with respect to which relief was asked were substantially different in the two cases. While plaintiffs in this suit might have sought by amended and supplemental bill here the relief which they asked in the Palmer case, they were under no obligation to do so, since there

was no splitting of a cause of action but the asking of relief with respect to matters entirely separate and distinct. It was for plaintiffs, not the defendant railroad, to say what relief they would ask with respect to the violation of their rights by the agreements of 1941 and 1942; and there is nothing in law or in common sense which precludes them from seeking in another jurisdiction relief from other violations of their rights. For this reason, as well as for the reason first given, we think there was error in enjoining plaintiffs and their attorneys from prosecuting the Palmer suit. In addition to all this, the Seaboard had raised the identical question by motion made in the Palmer suit, which was the proper place to raise it, and had received an adverse decision. Orderly procedure would require that this decision, if erroneous, be reversed by appeal and not by injunction from a court of coordinate jurisdiction which had no res within its control requiring protection.

None of the cases cited to us supports the granting of the injunction. In Carbide & Carbon Chemicals Corporation v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, we held merely that the District Court in Maryland properly exercised its discretion not to entertain a suit to declare a patent valid when it appeared that a prior suit had been instituted between the parties in New York asking that it be declared invalid. Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925, involved a case where a suit for declaratory judgment was instituted against a patentee in the District of his residence to have a patent declared invalid. The patentee countered by instituting nine infringement suits in other jurisdictions. These were enjoined on the ground that they would interfere with the court's exercise of jurisdiction in the declaratory judgment suit, which could quite properly have been regarded as a suit quasi in rem. The case of In re Georgia Power Co., 5 Cir., 89 F.2d 218, involved a suit in a federal District Court in Georgia in which injunction was sought to restrain the Tennessee Valley Authority from building a power line. After the denial of a temporary restraining order, following a hearing in which the questions involved in the case were fully decided, plaintiff attempted to dismiss the suit and ask the same relief in another jurisdiction. This was a case where injunction to perserve the jurisdiction of the court from being interfered with was clearly proper. None of these cases presents a situation comparable to the case at bar, where no res is involved, no action by the District of Columbia court can interfere with the exercise of jurisdiction by the court below and where the primary relief which the District of Columbia Court is asked to grant is substantially different from the primary relief sought here. Cf. Purcell v. Summers, supra, 4 Cir., 126 F.2d 390, 395.

For the reasons stated the order appealed from will be reversed.

Reversed.