Francis Lyster **JANDRON** et al., etc.,
Plaintiffs,

v.

Carolyn I. **ZUENDEL** et al.
Defendants.

Civ. No. 31569.

United States District Court
N. D. Ohio, E. D.

Dec. 21, 1955.

Richard F. Stevens, Cleveland, Ohio, Arthur W. Eckman, Harry L. Kirkpatrick, Fish, Richardson & Neave, Boston, Mass., for plaintiff.

Barnett & Kent and Marvin S. Zelman, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Plaintiffs are the directors and trustees of The First Church of Christ, Scientist, in Boston, Massachusetts (The Mother Church).

Defendants are members of the Third Church of Christ, Scientist, in Akron, Ohio (the Third Church).

Jurisdiction is based upon diversity of citizenship with the required jurisdictional amount alleged.

The heart of plaintiffs' prayer is:

"1. That preliminary and permanent injunctions be issued by this Court enjoining and restraining the defendants, their agents, associates, and all those joined, joining or confederating with them, 1) from advertising, representing or otherwise holding out that so-called "third Church of Christ, Scientist" is a branch of The Mother Church" and 2) from using as the name of or in connection with any church, religious group, society, association, or organization now existing, or which may be organized or exist, independently of The Mother Church, The First Church of Christ, Scientist, in Boston, Massachusetts, and its Branch Churches, the name or designation "Third Church of Christ, Scientist" or any contraction thereof or any name so similar to "Church of Christ, Scientist" or "Christian Science Church" as to be likely to deceive the public or lead to confusion." Plaintiffs move for summary judgment.

Defendants deny that they are, or can be, barred from use of the term "Third Church of Christ, Scientist" or any variant thereof.

Defendants move for summary judgment and to dismiss for lack of jurisdiction.

The issues raised by the motions are as follows:

1. Are the plaintiffs—the directors and trustees of The Mother Church—the highest authority and judicatory of the Christian Science denomination?

2. If so, are they vested with authority to grant or deny official church recognition to branch churches and the use of branch church nomenclature?

3. Can defendants be denied use of the term "Church of Christ, Scientist" or any variant thereof so similar as to cause confusion in the minds of the public?

4. Is the jurisdictional amount ($3,-000) involved in this action?

■ That plaintiffs cannot, and probably could not, account to the penny for damages in the amount of $3,000 should not deter this court from assuming jurisdiction of the matter. For it is evident that the issues involved herein concern rights of considerable value—whether tangible or intangible, present or future, which the court may easily assume exceed the jurisdictional minimum. See Purcell v. Summers, 4 Cir., 1942, 126 F. 2d 390; Id., 4 Cir., 145 F.2d 979, 985 (syllabus 5).

Plaintiffs, in support of their claim that they are the highest authority and judicatory of the Christian Science denomination, have submitted the "Manual of The Mother Church The First Church of Christ, Scientist in Boston, Massachusetts" (the Church Manual), affidavits of prominent Christian Scientists, and briefs in which the pronouncements of other courts on this matter are cited. Defendants have also submitted briefs and affidavits to show that there is no basis for plaintiffs' contention.

Upon careful consideration of the material submitted and the arguments in regard to this phase of the matter, it is my conclusion that despite obvious inconsistencies in the "Church Manual" in regard to the inter-relationship of The Mother Church and her branch churches, the plaintiffs, as the highest authority of The Mother Church, are in fact the highest authority and judicatory of the Christian Science denomination. To conclude otherwise would be to ignore the significance of the term "Mother Church" and the connotation attached to that term throughout the "Church Manual".

Further, while it is apparent that the "Church Manual" concedes local self-rule to branch churches, it is equally apparent

that real and effective (albeit indirect) control of the branch churches is retained by The Mother Church. Specifically, it is stated in the "Church Manual", Article XXIII, Section 7, at page 72:

"A branch church of The First Church of Christ, Scientist, Boston, Massachusetts, shall not be organized with less than sixteen loyal Christian Scientists, *four of whom are members of The Mother Church.* (Emphasis added.) This membership shall include at least one active practitioner whose card is published in the list of practitioners in The Christian Science Journal."

This alone, coupled with plaintiffs' position as controlling authority in The Mother Church with power to approve membership in,[1] or to excommunicate members of,[2] The Mother Church, gives to them what is, in effect, a corresponding control of the branch churches.

Thus, because the plaintiffs are the highest authority and judicatory of The Mother Church and her branch churches, this court should not disturb their interpretation of the church law from which they claim to derive the authority to grant or deny official church recognition to branch churches and use of branch church nomenclature. Watson v. Jones, 1871, 13 Wall. 679, 80 U.S. 679, 20 L.Ed. 666; Bouldin v. Alexander, 1872, 15 Wall. 131, 21 L.Ed. 69; Gonzales v. Roman Catholic Archbishop of Manila, 280 U.S. 1, 50 S.Ct. 5, 74 L.Ed. 131; and Kedroff v. St. Nicholas Cathedral, 1952, 344 U.S. 94, 73 S.Ct. 143, 97 L.Ed. 120.

This brings us to the final question whether plaintiffs are entitled to injunctive relief to prevent defendants from use of the term "Church of Christ, Scientist", "Christian Science Church", or any confusing or misleading variant thereof. The case of Purcell v. Summers, 4 Cir., 1942, 145 F.2d 979, 985, is,

I believe, dispositive of this question. In that case Judge Parker skillfully resolved the basic issues presented in this case, and, without unduly elaborating upon what he said so well, I think it necessary to point out a few of his most pertinent conclusions, and their application to this case.

The problem of religious freedom is not at issue. By enjoining defendants from use of the term "Church of Christ, Scientist", "Christian Science Church", or any confusing or misleading variant thereof, the court would not thereby deny defendants the right to practice the teachings of Mary Baker Eddy in whatever manner they choose.

The effect of an injunction would be to prevent defendants from appropriating to themselves the good will and identity which, in the public mind, attach to the term "Church of Christ, Scientist", or "Christian Science Church". That is not to say that defendants are not worthy of the respect engendered by that term, but only that they should not be permitted to profit through use of the term.

Defendants' argument that no confusion could result if they were permitted to continue to identify and advertise their church as a "Church of Christ, Scientist", or as a "Christian Science Church" is unrealistic. To this court, which must of necessity view the problem objectively—as would the public, the term "Church of Christ, Scientist", or "Christian Science Church" has one meaning, i. e., that it is a bona fide church of the Christian Science denomination related to The Mother Church. And as in the Purcell case, supra, it is use of the familiar combination of words making the familiar term that should be enjoined, and not a different combination of the same words (if such is possible) which make a distinguishing term.

Accordingly, this action having been submitted for final determination on

---

1. The Church Manual, Article VI, Section 3, page 38.

2. The Church Manual, Article XI, Section 5, page 51.

**890**

cross-motions for summary judgment, it is my conclusion that plaintiffs are entitled to the injunctive relief prayed for, and therefore judgment will be granted in their favor.

An order may be entered to that effect.