UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard GRIFFIN, Defendant-Appellant.

Richard GRIFFIN, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

Nos. 17129–17312.

United States Court of Appeals
Sixth Circuit.

June 8, 1967.

Conrad D. Carnes, Cincinnati, Ohio, for appellant Griffin, Taft, Stettinius & Hollister, Cincinnati, Ohio, on brief.

Roger J. Makley, Asst. U. S. Atty., Dayton, Ohio, for appellee, Robert M. Draper, U. S. Atty., Bradley Hummel, Asst. U. S. Atty., Dayton, Ohio, on brief.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Richard Griffin was convicted in the United States District Court for the Southern District of Ohio, Western Division on a two-count indictment. Count one charged that on or about March 24, 1965, the appellant Griffin had in his possession a U. S. Treasury check in the amount of $806.75, knowing said check to have been stolen. Count two charged that on or about March 24, 1965,

the appellant Griffin uttered and published as true as U. S. Treasury check, in the amount of $806.75, on which check the payee's endorsement had been forged as the said Griffin then knew. The alleged charges were in violation of Sections 1708 and 495, respectively, of Title 18, U.S.C. The case was tried to a jury and a guilty verdict returned on both counts.

Case No. 17129 is before the Court on direct appeal from the judgment of conviction in the District Court. No. 17312 is before the Court on appeal from an order of the District Court denying a petition for vacation of sentence under Section 2255, Title 28, U.S.C.

■ We will consider first the direct appeal. One of the assignments of error is that the court committed plain error in permitting the introduction of the phrase "belonged to his old lady." Mr. Rehling, the postal inspector, testified that Griffin said: "Moore told him (Griffin) that the check belonged to his old lady, meaning Moore's wife." No objection was made to this testimony. Thereafter, counsel for appellant repeated the phrase on cross-examination of Mr. Rehling. The appellant himself used it in direct-examination. He said:

"When I see Moore, Moore had been on me for some money for some time and I asked him when you going to pay me money and he said, I am trying to cash the old lady's check and if he cash it, he pay me this day."

He further testified:

"At this time Moore told me the old lady drunk, * * *"

There is no merit to this claim.

■ The only other assignment of error on direct appeal is a claim that the trial judge committed plain error in permitting a question to be asked whether the appellant had not been formerly convicted of an offense. He was asked on cross-examination: "Isn't it a fact in 1958 you were convicted of forging a United States Government check and received an 18-month sentence?" No ob-

jection was made to the question. The appellant answered that he had pleaded guilty but was not quite sure what the charge was. He admitted that he had served 18 months in Terre Haute, Indiana, and that it concerned checks.

In Henderson v. United States, 202 F.2d 400, 405, we said:

"It is well settled that when a defendant in a criminal trial takes the stand in his own defense he waives immunity from cross-examination, and is, like any other witness in the case, subject to impeachment as to his credibility. (Citation omitted.) It is likewise settled that for the purposes of such impeachment it is competent to show that the witness has been previously convicted of a felony."

This Court follows the rule that the conviction must be for a crime involving moral turpitude. United States v. Jackson, 344 F.2d 922 (C.A. 6), cert. den. 382 U.S. 880, 86 S.Ct. 169, 15 L.Ed.2d 120; United States v. Denton, 307 F. 2d 336 (C.A. 6), cert. den. 371 U.S. 923, 83 S.Ct. 292, 9 L.Ed.2d 232; Thomas v. United States, 262 F.2d 844 (C.A. 6). The prior conviction here does involve moral turpitude. The court did not err in permitting the question concerning a former conviction.

The district judge denied the petition to vacate sentence under Section 2255, Title 28, U.S.C. without a hearing. He analyzed the appellant's petition and stated his claims as follows:

"Petitioner complains of the manner in which he was arrested, confined and questioned. He also complains that he was not adequately represented by counsel. He further states that evidence was withheld by the prosecutor and said evidence, in addition to new evidence, would exonerate him."

The judge held that the complaints made by petitioner were proper questions to raise on direct appeal and that a petition under Section 2255 is not a substitute for an appeal. McDowell v. United States, 336 F.2d 435, 438 (C.A. 6), cert. den. 379 U.S. 980, 85 S.Ct. 685, 13 L.Ed.

2d 571. He further found as an additional reason for denying the petition that the petitioner failed to allege specific facts to support his claim. Davis v. United States, 311 F.2d 495 (C.A. 7), cert. den. 374 U.S. 846, 83 S.Ct. 1906, 10 L.Ed.2d 1067. The judge noted in his order denying the petition that the appellant was adequately represented by counsel of his own choosing who was subsequently appointed and paid by the court.

Court appointed counsel for these appeals claims that within the crudely drawn petition of the appellant there are two questions: one, that he was denied the right of counsel and, two, that he was required to incriminate himself in violation of the Fifth Amendment:

■ We have before us a transcript of the testimony at the trial. Prior to any interrogation, the appellant was advised that any statement he made would have to be voluntary on his part, that no threats or promises were being made and that he had a right to have counsel. This admonition conformed to the requirements before Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The doctrine of *Miranda* had not been announced at the time of the trial before us. The appellant had no lawyer at the time of the interrogation as was the case with Escobedo in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and he never requested a lawyer. There was no violation of the doctrine of *Escobedo,* supra.

■ The written confession which was not introduced into evidence and the oral statements given to the postal inspector were voluntary and not coerced. There were no threats or promises and none claimed by the appellant. Neither was there any long gruelling interrogation by officers. Further, the appellant had admitted to Mr. Anderson and to Mr. Highfill that he knew the check was forged before he was interrogated by the postal inspector. Mr. Anderson was the manager of Midland Guarantee Acceptance Company and Mr. Highfill was his assistant. The appellant had called Mr. Anderson, with whom he had had business transactions, and asked him to cash the check of his mother-in-law who was staying with him and his wife. Mr. Anderson told him he could not cash a check of $800 and that he would have to get the bank to cash it. He instructed Mr. Highfill to go with the appellant to the bank. The teller required both of them to endorse the check. When the bank discovered that the check was forged, it notified Mr. Highfill. Mr. Anderson and Mr. Highfill then talked to the appellant and he made the admission as stated above.

We conclude that the district judge was justified in denying the petition to vacate the judgment for the reasons set forth in his order of denial. Further, the claims made by counsel for the appellant are not supported by the record of the trial.

The judgments of the District Court in both cases are affirmed.