**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Earl William MILLS, Defendant-Appellant.**

**No. 20556.**

United States Court of Appeals, Sixth Circuit.

April 1, 1971.

Hughie Ragan, Jackson, Tenn., for appellant.

Larry E. Parrish, Asst. U. S. Atty., Memphis, Tenn., for appellee; Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief.

Before McCREE, BROOKS and MILLER, Circuit Judges.

PER CURIAM.

Defendant-appellant, Earl William Mills, was charged in a six-count indictment and was found guilty by a jury of the possession and operation of an illicit still and other related violations of the Internal Revenue laws. He appeals from the judgment of conviction.

Among the numerous issues raised on appeal is whether prejudicial error was committed by the refusal of the trial court to furnish the defendant with a list of jurors prior to the day of trial. In a noncapital case, however, a defendant is not as a matter of right entitled to receive a jury list prior to the trial date.

It is a matter that rests in the discretion of the trial court. Stone v. United States, 324 F.2d 804 (5th Cir. 1963), cert. denied, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659; Spivey v. United States, 109 F.2d 181 (5th Cir. 1940), cert. denied, 310 U.S. 631, 60 S.Ct. 1079, 84 L.Ed. 1401. There was no showing of an abuse of discretion by refusing access to the jury list under the facts of this case.

Another contention of the defendant is that the search of his automobile was violative of his Fourth Amendment rights. Agents of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service testified that after locating an unregistered still and while keeping it under surveillance, the defendant was observed backing his 1967 Ford automobile to a point on the side of the road where a well-worn path led to the still site. The defendant unlocked the trunk of his car and his codefendant (who entered guilty pleas to the six-count indictment) unloaded four 100 pound sacks of sugar and one 100 pound sack of bran. After the unloading was completed, the defendant drove from the scene while his codefendant picked up the sack of bran and carried it down the path to the still. Defendant's car was not seized until later in the day when it was observed at defendant's home by one of the government agents. The agent was given keys to the car by defendant's wife and it was then driven to a garage for impoundment and for safekeeping and there searched. Sweepings of sugar and grain were found in the trunk of the car and were introduced in evidence.

A vehicle used in the violation of Internal Revenue tax laws is subject to seizure and to forfeiture under the provisions of 26 U.S.C. §§ 7301, 7302, 7321, and it becomes legally forfeited at the time of its wrongful use even though it is not seized until later. Weathersbee v. United States, 263 F.2d 324 (4th Cir. 1958); Interbartolo v. United States, 303 F.2d 34 (1st Cir. 1962); Sanders v. United States, 201 F.2d 158 (5th Cir. 1953). And where a car is validly held by officers for

use as evidence in a forfeiture proceeding, a search of such car is not unreasonable under the Fourth Amendment. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); c.f. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The sweepings of sugar and grain resulting from the search of defendant's car were properly admitted in evidence.

The only other issue raised by defendant that warrants discussion is whether defendant could be cross-examined as to his two prior felony convictions for violations of Internal Revenue laws. In response to a question inquiring if he "knew anything about how to make moonshine", he testified "I have never made none in my life. I wouldn't know no more how to set up one than you would if you started to put one up." He was then asked concerning his prior convictions. He stated he did not remember a 1942 conviction and undertook to explain away a conviction in 1960.

■ This evidence is admissible on two grounds. First, it is well settled that when an accused takes the stand he may be cross-examined as to prior convictions to affect his credibility as a witness. United States v. Griffin, 378 F.2d 445 (6th Cir. 1967); United States v. Berriel, 371 F.2d 587 (6th Cir. 1967), cert. denied 390 U.S. 907, 88 S.Ct. 830, 19 L.Ed.2d 875; United States v. Yarbrough, 352 F.2d 491 (6th Cir. 1965). Also, relevant evidence is admissible to prove a material fact, such as defendant's knowledge of making moonshine, even though it may show that accused committed another crime at another time and place. Fernandez v. United States, 329 F.2d 899 (9th Cir. 1964), cert. denied, 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed. 2d 40; United States v. Montalvo, 271 F.2d 922, 927 (2nd Cir. 1959); 1 Wigmore, Evidence §§ 215, 216 (3rd Ed. 1940).

The judgment of conviction is affirmed.