**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1972 CADILLAC, COUPE DE-
VILLE, 2-DOOR HARDTOP, ID. NO.
6D47R2Q238129, Defendant.**

**Civ. A. No. 2161.**

United States District Court,
E. D. Kentucky,
London Division.

March 21, 1973.

Eugene E. Siler, Jr., U. S. Atty., E. D. Ky., Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

B. Robert Stivers, London, Ky., for defendant.

### MEMORANDUM OPINION
### AND ORDER

HERMANSDORFER, District Judge.

This libel action follows the conviction of one Ernest Sims for violation of Internal Revenue tax laws. United

States v. Ernest Sims, Criminal No. 14,-963, (E.D.Ky. January 12, 1973). Jurisdiction is alleged on 26 U.S.C. §§ 7301, 7302, under the authorization of the Attorney General or his delegate pursuant to 26 U.S.C. § 7401. Venue lies in the Eastern District of Kentucky under 26 U.S.C. § 7323(a).

Under the evidence entered during trial, there is no doubt the essential element of 26 U.S.C. § 7301(e) has been established:

". . . property used to transport . . . or concealment of property which is intended to be used in the making or packaging of 'property described in subsection (a) . . . [possession of property for the purpose of avoiding payment of tax or concealment with intent to defraud the United States of such tax].

"A vehicle used in the violation of Internal Revenue tax laws is subject to seizure and forfeiture under the provisions of 26 U.S.C. §§ 7301, 7302, 7321. . . ." United States v. Mills, 440 F. 2d 647, 648 (6th Cir. 1971).

The sole determination to be made is whether the forfeiture may proceed in view of the allegation of the Complaint:

"Second—The commencement of this suit has been authorized sanctioned and directed in accordance with the provisions of Section 7401 of the Internal Revenue Code of 1954."

and the answer specifically denying that allegation by the intervenor:

". . . that portion which states that this suit is authorized and sanctioned and directed in accordance with the provisions of Section 7401 with [sic] the Internal Revenue Code of 1954 which is specifically denied by Ernest Sims."

The United States offered no proof of compliance with 26 U.S.C. § 7401. Instead, it merely asserts the existence of the fact without argument or citation of authority for its view. The intervenor, Sims, argues United States v. One 1941 Cadillac Sedan, 145 F.2d 296

(7th Cir. 1944) does invoke a presumption of authorization of the action, but only when the issue is not raised by the intervenor's petition. Here the issue has been joined. The questions (1) whether a conclusive presumption arises by law making unnecessary any proof of the allegation or (2) whether the plaintiff must show proof of their authority to bring the action must be considered.

The provision of 26 U.S.C. § 7401 is set forth in its entirety:

"§ 7401. Authorization

"No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary or his delegate authorizes or sanctions the proceeding and the Attorney General or his delegate directs that the action be commenced."

Thus, the proscribed procedure requires two steps. First, that a civil action be authorized by the Secretary or his delegate. "Secretary" as defined in 26 U.S. C. § 7701 means the Secretary of the Treasury. "Delegate" as defined in 26 U.S.C. § 7701 refers to one who is an employee of the Treasury Department securing his authority from the Secretary or by redelegation, directly or indirectly. The second step requires direction of the Attorney General or his delegate to commence the action. Under 26 U.S.C. § 7701(a)(12) "the term 'or his delegate' when used in connection with any other official of the United States shall be similarly construed". The term "Attorney General" means the Attorney General of the United States. 26 U.S.C. § 7701(a)(22).

The matter appears to be one of first impression. Except for the language of United States v. One 1941 Cadillac Sedan, *supra*, presuming the authority of the United States Attorney to bring the action where the petitioner had not raised the question at the trial, no case authority has been cited or found on this question. The Seventh Circuit did not consider, in the last mentioned opinion,

the requirement that the Secretary of the Treasury first sanction the litigation before the Attorney General directs its filing.

■ ■ This Court finds no rational means to avoid the conclusion that the requirements of 26 U.S.C. § 7401 are jurisdictional. A United States District Court, being an Article III Court engendered in the discretion of the Congress, has generally such subject matter jurisdiction as the Congress shall establish and upon the conditions as the Congress may impose. Thus, where the Congress prohibits the commencement of a civil action unless certain specific acts are performed, this Court has no jurisdiction over the subject matter until the requisite conditions are met in fact and such compliance is shown by the pleadings and, where necessary, established by proof.

■ Plaintiff's allegation that the civil action "has been authorized, sanctioned and directed in accordance with the provisions of Section 7401 of the Internal Revenue Code of 1954" may be construed liberally to be sufficient, Rule 8(a) F.R.C.P., but the mere allegation of facts necessary for jurisdiction without supporting proof is fatally defective. Under Rule 12(h)(3) the Court is directed to dismiss an action when it appears the Court lacks jurisdiction over the subject matter. A district court has "the power to determine in every case whether the prerequisites to jurisdiction in fact exist. . . ." Fireman's Fund Ins. Co. v. Railway Express Agency, 253 F.2d 780, 784 (6th Cir. 1958).

This Court holds that 26 U.S.C. § 7401 requirements constitute facts essential to jurisdiction. The failure to prove jurisdictional facts when specifically denied is fatal to the maintenance of this action. This Court erred in hearing the case on the merits and now determines such hearing was a nullity and not amenable to effective order or judgment, except the order now made that this Court does not have jurisdiction over the subject matter.