UNITED STATES of America, Appellee,

v.

Alfred Harold LOSSIAH, Appellant.

No. 75–1848.

United States Court of Appeals,
Fourth Circuit.

Argued May 3, 1976.

Decided July 16, 1976.

Paula Potoczak, Third Year Law Student, and Charles H. Taylor, Winston-Salem, N. C. (court-appointed counsel), for appellant.

Jimmie C. Proctor, Asst. U. S. Atty., Asheville, N. C., and (Keith S. Snyder, U. S. Atty., Asheville, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Circuit Judge, BUTZNER, Circuit Judge, and WYZANSKI, Senior District Judge.*

WYZANSKI, Senior District Judge.*

In March, 1975 on the Cherokee Indian Reservation, Cherokee, North Carolina, there was a basketball tournament participated in by the Cherokee Indian girls' team, of which defendant Alfred Harold Lossiah, himself a Cherokee Indian, was coach, and the Seneca Tribe's men's team, on which the now deceased Bradley Maybee played. Both these teams were staying at the same

* Sitting by designation.

hotel. After the March 15 contests, during the night of March 15–16, an unknown assailant cut, not seriously, a Seneca Indian. Thereafter Lossiah became involved in a dispute with members of the Seneca basketball team, and someone stabbed to death Maybee.

A grand jury indicted, a petit jury convicted, and the District Judge sentenced, Lossiah on a charge of second degree murder of Maybee. See 18 U.S.C. §§ 1111, 1153.

This appeal raises the following questions, first whether there was sufficient evidence to show that (a) defendant was an Indian and that the alleged crime occurred upon the Cherokee Indian Reservation, and (b) defendant committed the crime charged, and second, whether in various respects, hereafter specified, the trial court committed plain error affecting the substantial rights of defendant.

Inasmuch as at the close of the prosecution's case defendant moved for a judgment of acquittal, we cannot avoid addressing ourselves initially to the first set of questions, for if defendant were right on the first grounds he alleges, which, as will appear, we do not believe, we would be required to reverse and direct an entry of acquittal. After disposing of the first set of questions, we shall then consider whether there were such errors in the trial as to require a reversal with a direction for a re-trial.

We can quickly answer the first part of the first question.

█ · Without objection, the Government introduced Exhibit 6, the certificate of the Tribal Enrollment Officer of the Eastern band of Cherokee Indians that defendant is on Revised Roll No. 3902, was born May 8, 1943, and possesses three-fourths degree of Eastern Cherokee blood. That was adequate proof that defendant was a Cherokee Indian.

█ The witness Ross John located the place where the dispute involving, and the death of, Maybee occurred as the Boundary Tree Motel in the Town of Cherokee, North Carolina. The Court properly took judicial notice that that town is within the Cherokee Indian Reservation.

█ The facts therefore plainly bring this case within federal jurisdiction and make applicable 18 U.S.C. §§ 1111, 1153.

█ The second part of the first question presents the issue whether "there is substantial evidence, taking the view most favorable to the government, to support the finding of guilt," *United States v. Sherman,* 421 F.2d 198, 199 (4th Cir. 1970). Because we are to take the view most favorable to the government, it is sufficient to refer to the evidence admitted during the government's case in chief. Ross John, the only witness initially called by the prosecution, testified that he was present when defendant was scuffling with Maybee, the deceased. John noted Maybee's eyeglasses on the floor; saw Maybee try to grab defendant's arm; then Maybee buckled, stepped back, grunted, swooned, fell backwards, and rolled on the floor. Defendant with a knife in his hand turned toward John and said that defendant would get him, too. We may omit other details because what we have recited is enough to meet the appropriate test enunciated in *United States v. Sherman, supra.*

Although defendant's own version was· different and presented plausible evidence to support his contention that he acted in self-defense, his own witness Jumper testified that he did not observe the deceased carrying a knife or weapon nor exhibiting hostile or aggressive conduct toward anyone, but did hear the defendant say before the killing that he "couldn't let this happen" to him. Moreover, defendant's wife, who had been with him, was unable to testify to any assault upon her husband; and the prosecution's rebuttal witness, Williams, testified that when he met defendant and his wife just before the stabbing they did not complain that they were in fear.

To sum up, the question whether defendant murdered Maybee or acted in self-defense was a matter which turned on the credibility of the witnesses, and was, therefore, a matter for decision by the jury.

█ But defendant contends that in submitting the matter to the jury, the

judge erred in several respects. For example, it is argued that the court should not have read the indictment to the jury, nor should he have told them that they were entitled to scrutinize in the light of his natural self-interest the testimony of defendant, nor did he correctly instruct them on the law of self-defense. We are not impressed by any of these arguments, but we need not pause over them because defendant raises what we regard as such a significant different point as to require a new trial. The contention which we regard as persuasive is that despite timely objection by defendant's counsel, the prosecution so examined defendant that the jury heard from defendant evidence of inadmissible prior convictions. The situation to which we refer must now be described.

When defendant was being cross-examined, the prosecutor questioned him about prior convictions. Over the defendant's objection, the court admitted evidence about a conviction for disorderly conduct 7 years before the trial and convictions for drunk driving and public drunkenness. These convictions of misdemeanors did not have a bearing on truth and veracity, nor did they involve moral turpitude. Therefore, they were not admissible over objection. *U. S. v. Frazier,* 418 F.2d 854 (4th Cir. 1969); *U. S. v. Hildreth,* 387 F.2d 328 (4th Cir. 1967); *U. S. v. Pennix,* 313 F.2d 524 (4th Cir. 1963); *U. S. v. Gray,* 468 F.2d 257 (3rd Cir. 1972); *Johnson v. U. S.,* 424 F.2d 537 (9th Cir. 1967); *U. S. v. Griffin,* 378 F.2d 445 (6th Cir. 1967). It is apparent, therefore, that the admission of the evidence seriously prejudiced defendant. Because of this error, in a case where there was arguably a plausible self-defense claim by defendant, the judgment of conviction must be reversed and a new trial ordered. Of course, at retrial, impeachment by evidence of conviction of crime will be governed by Rule of Evidence 609.

*So ordered.*