**PAF, INC., Plaintiff,**

v.

**BA PROPERTIES, INC. & BANK OF AMERICA, Defendants.**

**No. CIV. A. 3:98CV483.**

United States District Court, E.D. Virginia, Richmond Division.

Oct. 27, 1998.

William Henry Cabell Venable, Port Haywood, VA, for PAF, Inc., plaintiff.

Stephen Atherton Northup, Mays & Valentine, Richmond, George H. Bowles, Mays & Valentine, Norfolk, VA, for BA Properties, Inc., Bank of America, defendants.

## *MEMORANDUM OPINION*

SPENCER, District Judge.

THIS MATTER comes before the Court on a motion by Defendants BA Properties and Bank of America (1) to dismiss for lack of subject matter jurisdiction and for failure to allege fraud with particularity as required by Fed.R.Civ.P. 9(b), or, (2) transfer the suit to the United States District Court for the Virgin Islands. For the reasons set forth below, the Court GRANTS the motion to dismiss for lack of subject matter jurisdiction. Accordingly, the Court has no occasion

to consider whether Plaintiff has alleged fraud with sufficient particularity or Defendants' motion to transfer venue.

### I. BACKGROUND

This novel case arises out of a complicated series of real estate transactions that occurred in the Virgin Islands between 1990 and 1996. Plaintiff PAF, Inc. ("PAF"), a Virginia corporation that was organized in June of this year [1] and has no connection to these transactions, alleges that sometime in 1993 the defendants came to own a hotel on the island of St. Thomas called the "Grand Palazzo," that they incurred tax liabilities as a result of that ownership, and that they ultimately sold the hotel in 1996 in order to avoid those liabilities.

PAF brings this suit under 26 U.S.C. § 7341, an obscure statute that was enacted in 1864 and apparently has never been construed in a published case. Section 7341 has three subsections. Subsection (a) renders unenforceable any contract for the sale of property on which the seller is liable to pay taxes if the seller entered into the sale "with intent to avoid such tax, or in fraud of the internal revenue laws." Subsection (b) provides that if the seller has received payment for such property, then "the sum so paid shall be deemed forfeited." Subsection (c), which undergirds PAF's Complaint, implicitly creates a private right of action for the "sum so paid":

> **(c) Moiety**: Any person who shall sue for the sum so paid (in an action of debt) shall recover from the seller the amount so paid, one-half to his own use and the other half to the use of the United States.

26 U.S.C.A. § 7341 (1989). Based on this statute, PAF seeks to recover from the defendants the amount they received as consideration for the Grand Palazzo Hotel.

### II. DISCUSSION

It is undisputed that PAF has brought this suit on its own behalf and without any governmental authorization. Defendants argue,

---

1. From all that appears, PAF conducts no actual business. It seems to have been created for the sole purpose of bringing this litigation.

and the Court agrees, that this lack of authorization precludes the Court from hearing Plaintiff's case.

Section 7401 of the Internal Revenue Code provides:

> *No civil action* for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary [of the Treasury] authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

26 U.S.C.A. § 7401 (1989) (emphasis added). The authorization required by § 7401 is jurisdictional. If the claimant fails to show compliance with the statute either by the pleadings or, where the issue is joined, by proof, then the court must dismiss the case. *United States v. One 1972 Cadillac,* 355 F.Supp. 513, 515 (E.D.Ky.1973).

PAF argues that it does not need any authorization for its "action of debt" under § 7341 because Congress only intended that § 7401 cover civil actions by *the Government,* not actions by private citizens. PAF discerns this intent from two sources. First, it examines the legislative history and the surrounding historical context and concludes that the statute, which was enacted in 1866, was a "response to the perceived problem of *tax collectors* bringing suits against citizens and then taking bribes to settle them or running up big legal costs which the government was required to pay." Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss at 6–7 (emphasis added). Second, Plaintiff emphasizes the placement of the two sections in the Internal Revenue Code, noting that § 7401 is codified in Chapter 76, Subchapter A, entitled "Civil Actions by the United States," whereas § 7341 is found in Chapter 75, Subchapter D, entitled "Miscellaneous Penalty and Forfeiture Provisions."

The Court has struggled to make sense of Plaintiff's convoluted arguments and finds them meritless. Section 7401 explicitly states that *"no civil action* for the collection or recovery ... of any ... forfeiture" shall be brought without the governmental authorization described therein. As the Ninth Circuit observed many years ago in dismissing a private citizen's unauthorized *qui tam* action to recover taxes, there is "no reason why [the statute] should be held to mean anything other than what it says." *United States ex rel. Roberts v. Western Pac. R. Co.,* 190 F.2d 243, 248 (9th Cir.1951). Contrary to PAF's assertion, the legislative history supports the view that Congress intended the statute to constrain actions by private citizens as well as those by the government. *Id.* at 248 n. 11. As for the statute's placement in the Code, 26 U.S.C. § 7806 expressly declares that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect." 26 U.S.C.A. § 7806 (1989). The Court therefore concludes that § 7401 does apply to actions by private citizens.

PAF also argues that even if § 7401 applies to *some* actions by private citizens, it does not apply here because an action of debt under § 7341 is not an "action for the collection or recovery ... of any ... forfeiture." This argument is defeated by the plain language of § 7341. Section 7341(b) provides that if the seller has been paid for the property sold, "the sum so paid shall be deemed *forfeited."* Subsection (c) then implicitly authorizes individuals to "sue for the sum so paid," i.e., to collect from the tax avoider the amount that was "deemed forfeited" under subsection (b). It follows, then, that an action under § 7341 is an "action for the collection or recovery ... of any ... forfeiture" and that such an action must be supported by the authorization required by § 7401. As noted above, no such authorization is present here. Therefore, the Court lacks jurisdiction to hear the case, and hereby GRANTS Defendants' Motion to Dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

And it is SO ORDERED.