**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4604
_____

UNITED STATES OF AMERICA

v.

MERVIN NOLT ZIMMERMAN; MILDRED ZIMMERMAN;
and M&M FAMILY TRUST,
                                        Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 09-CV-05158)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 10, 2012
Before:  RENDELL, FUENTES and WEIS, Circuit Judges
(Opinion filed: August 13, 2012)
_____

OPINION
_____

PER CURIAM.

Appellants Mervin Nolt Zimmerman and Mildred Zimmerman appeal pro se

from the District Court's order denying their motion under Rule 60(b)(4) to reopen

1

a default judgment, which reduced federal income tax assessments to judgment and ordered tax liens foreclosed. The Zimmermans also appeal the District Court's order confirming the sale of that property pursuant to the prior foreclosure order. For the reasons set forth below, we will affirm.

**I.**

The Government instituted this action to reduce to judgment federal income tax assessments against Appellant Mervin Nolt Zimmerman and the M&M Family Trust.[1] The Government also sought to set aside the transfer of property located at 492 East Farmersville Road, in New Holland, Pennsylvania (the "Farmersville Road property") to the M&M Family Trust and to foreclose the tax liens against that property. Appellant Mildred Zimmerman was named a party because she may have claimed an interest in the Farmersville Road property.

The Zimmermans, originally represented by counsel, appeared and answered the complaint once an initial default for failure to respond to the complaint was lifted. After litigating for nearly a year, they terminated their counsel and then refused to cooperate in discovery and defied several court orders. This conduct ultimately led the Government to move for a default judgment. The Zimmermans filed no opposition. The District Court then entered a default judgment against the

---

[1] The M&M Family Trust is not party on appeal.

Zimmermans and the M&M Family Trust. The full scope of the Zimmermans' behavior, which included showing up at court-ordered depositions, reading cryptic statements, and then leaving, is described more fully in the District Court's opinion. The District Court also entered a judgment and order that, among other things, ordered the judicial sale of the Farmersville Road property and provided for the distribution of the proceeds. The Zimmermans did not timely appeal that order or seek any stay.

Two days after the auction of the Farmersville Road property took place, the Zimmermans filed a motion under Rule 60(b), which the District Court denied. The Zimmermans timely appealed the denial of their Rule 60(b) motion, but not seek any stay pending appeal. After the proceeds from the foreclosure sale were deposited into the Registry of Court, the Government moved to confirm the sale and distribute the proceeds according to the terms of the prior foreclosure order. The Zimmermans opposed the confirmation motion. The District Court ordered the sale confirmed and the proceeds distributed. The Zimmermans filed an amended notice of appeal to include the confirmation order, but again did not seek a stay.

**II.**

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. A district court's denial of a motion pursuant to Rule 60(b) generally is reviewed for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). A district court's denial of a motion brought under Rule 60(b)(4), however, is subject to plenary review. Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986).

### III.

### A. Mootness

At the onset we address the Government's argument that the appeal is moot. "The mootness doctrine is centrally concerned with the court's ability to grant effective relief." Cnty. of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). "We do not have jurisdiction to hear a case that cannot affect the rights the appellant wishes to assert." Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 296 (3d Cir. 2001). "If events occur after the filing of a notice of appeal that moot the issues presented, then there is no remaining justiciable controversy," and we must dismiss the appeal as moot. Id.

The Government argues that the appeal is moot because the Zimmermans did not seek and obtain a stay of the foreclosure order and the Farmersville Road property has already been sold to a bona fide third-party purchaser. In support of this argument, the Government cites a number of cases from other circuits holding

4

that such an appeal is moot.  However, as noted in <u>New Rock Asset Partners, L.P.</u> <u>v. Preferred Entity Advancements, Inc.</u>, 101 F.3d 1492 (3d Cir. 1996), "[w]e in the Third Circuit have never addressed the issue of whether foreclosure and sale, purely and simply, would render an appeal moot." <u>Id.</u> at 1496.  We explained that "[i]t is possible that we might come to that conclusion in an appropriate case after examining the full effects on the dispute of such a foreclosure and sale.  But, before so concluding, our precedents require that we first determine if there is still the possibility of granting any effective relief." <u>Id.</u>  "Applying the effective relief test" in that case, we had  "little difficulty finding [that] appeal justiciable," explaining that "[i]f the district court lacked subject matter jurisdiction and its order were void *ab initio*," then the appellant could seek a variety of relief, including by attempting to recover damages for the seizure of the property.  <u>Id.</u> at 1496-97.

The same is true here.  Additionally, the Zimmermans seek compensation for Mildred Zimmerman's alleged ownership interest in the Farmersville Road property, which would not be mooted by the sale.  Accordingly, the appeal is not moot and we will turn to the substance of the appeal.

B.  Void for Lack of Subject Matter Jurisdiction

The Zimmermans argue that the District Court's judgment is void for lack of subject matter jurisdiction because the Government did not offer any evidence prior to the entry of judgment showing that two requirements of the Internal Revenue Code, which they characterize as jurisdictional, were satisfied. Because we conclude that, even assuming without deciding that those requirements are jurisdictional, the Zimmermans have failed to identify any alleged jurisdictional error sufficiently egregious so as to render the judgment void, we disagree.

Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." Id.

We have held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'" Marshall v. Bd. of Ed., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted). But not any alleged jurisdictional error renders a judgment void. The interest of finality requires that we construe the

concept of void judgments narrowly.  Id. at 422 n.19.  As such, "'[w]hile absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction.'" Id. (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972)).  Thus, we have indicated that a judgment will be rendered void for lack of subject matter jurisdiction only where there is a "total want of jurisdiction" or "in the rare instance of a clear usurpation of power."  Id.; see also United Student Aid Funds, Inc., 130 S. Ct. at 1377 (noting that courts generally find a "judgment is void because of a jurisdictional defect . . . only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction" (citing Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986)); see also United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000) ("Only when the jurisdictional error is 'egregious' will courts treat the judgment as void.").

With these principles in mind, we turn to the Zimmermans' argument that the District Court's judgment and foreclosure order are void for lack of jurisdiction.[2]  The Government alleged that jurisdiction was proper under 26

---

[2]  Although the District Court did not make an express determination of its jurisdiction, "[e]very court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter."  Stoll v. Gottlieb, 305 U.S. 165, 171-72 (1938).  "When a district court has not explicitly noted why it assumed jurisdiction over a suit, appellate courts will independently examine the record to determine whether a reasonable

7

U.S.C. § 7402(a), which grants district courts "jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." It also alleged that jurisdiction was proper under the statutes granting district courts original jurisdiction in civil actions, which are "commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress," 28 U.S.C. § 1345, or which arise "under any Act of Congress providing for internal revenue," id. § 1340, or "under the Constitution, laws, or treaties of the United States," id. § 1331.

The Zimmermans admitted in their answers that the District Court had subject matter jurisdiction under these statutes. It is true that subject matter jurisdiction cannot be waived or conferred by consent. See, e.g., In re Resorts Int'l, Inc., 372 F.3d 154, 161 (3d Cir. 2004). However, after appearing in the case, admitting that the District Court had jurisdiction, allowing the District Court to enter final judgment against them, and failing to take a direct appeal of that final judgment, the District Court's exercise of subject matter jurisdiction is res judicata. See, e.g., Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S.

_____

basis existed for the lower court's implicit finding that it had jurisdiction." Nemaizer, 793 F.2d at 65.

8

694, 702 n.9 (1982); <u>Chicot Cnty. Drainage Dist. v. Baxter State Bank</u>, 308 U.S. 371 (1940); <u>Hodge v. Hodge</u>, 621 F.2d 590, 592 (3d Cir. 1980) (per curiam).[3]  It is not now subject to attack unless the Zimmermans can point to the type of jurisdictional error that would render the judgment void from its inception.  <u>See</u> <u>Marshall</u>, 575 F.2d at 422 n.19.

The Zimmermans now contend that, notwithstanding 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, and 1345, the District Court lacked jurisdiction because the Government allegedly failed to comply with two provisions of the Internal Revenue Code.  First, the Zimmermans argue that the Government failed to adduce evidence of its compliance with IRC Section 7401, which provides that "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401.  Second, they argue that the IRS did not send them notices of deficiencies required by IRC Section 6212.  They maintain that such notices are jurisdictional based on IRC Section 6213(a), which provides in pertinent part that

---

[3]  Since the Zimmermans appeared and admitted to the existence of jurisdiction, this is unlike a situation where a defendant who ignores the judicial proceedings in their entirety is free to challenge the resulting judgment on jurisdictional grounds in a collateral proceeding.  <u>See</u> <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 259 (3d Cir. 2008).

except in certain instances,[4] "no assessment of a deficiency . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer." 26 U.S.C. § 6213(a).

Even if we were to conclude that these statutory provisions are jurisdictional rather than procedural,[5] we would not conclude that the District Court's exercise of jurisdiction—even if erroneous—rose to the level of a "total want of jurisdiction" or a "clear usurpation of power" so as to render the judgment void from its inception. Marshall, 575 F.2d at 422 n.19. The District Court had the power to decide its jurisdiction and could have reasonably found jurisdiction to exist under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, and 1345. Any alleged error, either in interpreting those jurisdictional statutes or by failing to consider the interplay of those statutes with the authorization or notice of deficiency requirements, would not have been so egregious as to render the District Court's judgment void. See Kan. City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d

---

[4] The Government points out that there are statutory exceptions and that the notice of deficiency is not always required. It has not, however, stated that any exception applies in this case.

[5] There is conflicting authority on this point. See, e.g., United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981) (Section 7401); United States v. Ball, 326 F.2d 898, 903 (4th Cir. 1964) (Section 6212(a)); United States v. One 1972 Cadillac, Coupe Deville, 2-Door Hardtop, 355 F. Supp. 513, 515 (E.D. Ky. 1973) (Section 7401)). But see United States v. Raymond, 228 F.3d 804, 809 (7th Cir. 2000) (holding that authorization requirement in 26 U.S.C. § 7408, which is similar to 26 U.S.C. § 7401, is procedural, not jurisdictional).

822, 826 (8th Cir. 1980) (en banc) ("[W]hen the challenge is to an erroneous interpretation of a statutory grant of jurisdiction and the judgment is not appealed, thus becoming final, the policy favoring certainty in judicial resolution of controversies prevails."). This is particularly true in the absence of any controlling precedent holding that these requirements are jurisdictional prerequisites.

In sum, we find no basis for concluding that District Court's judgment is void. There was a reasonable basis for the District Court to exercise jurisdiction in this matter. The Zimmermans have not alleged the type of jurisdictional error that would call into question the validity of the District Court's judgment. Accordingly, their Rule 60(b)(4) motion was properly denied.

C.    Compensation for Mildred Zimmerman's Interest in the Property

Next, the Zimmermans argue that under United States v. Rodgers, 461 U.S. 677, 706-12 (1983), Mildred Zimmerman as a non-delinquent spouse is entitled to compensation for her alleged interest in the Farmersville Road property. Whatever merit this argument may have had, the Zimmermans failed to assert it at the appropriate time and cannot do so now under the guise of Rule 60(b).

IRC Section 7403 establishes the authority for a court to order the judicial sale of property in order to satisfy unpaid tax liabilities. 26 U.S.C. § 7403. In Rodgers, the Supreme Court explained that IRC Section 7403 allows for the

11

judicial sale of any property in which the delinquent taxpayer has an interest even if others also claim an interest as long as those having an interest are made a party to the action and there is "recognition of third-party interests through the mechanism of judicial valuation and distribution." Rodgers, 461 U.S. at 693-94; see also 26 U.S.C. § 7403 (b)-(c).[6] Mildred Zimmerman was named a party to the proceeding because she *may* have claimed an interest in the Farmersville Road property. What interest, if any, Mildred Zimmerman may have actually had in the property is an unresolved question.[7] That issue could have been, but was not, addressed by the District Court solely as a result of Mildred Zimmerman's own failure to assert her interest in the property despite having notice and every opportunity to do so. Rather than protecting her interests, she joined her husband

---

[6] In Rodgers, the Court also recognized that in the case of a non-delinquent spouse, compensation from a forced judicial sale may not be an adequate substitution for one's home, and identified several factors courts should consider in exercising their very limited discretion not to order a sale at all. Rodgers, 461 U.S. at 704-11. The Zimmermans assert that the District Court failed even to consider these factors in deciding whether to exercise its power to order the sale. Contrary to the Zimmermans' argument, application of these factors is not a prerequisite to ordering a sale, but rather they serve to limit a court's equitable discretion not to sell. See United States v. Davenport, 106 F.3d 1333, 1338 (7th Cir. 1997).

[7] The property was legally in the name of M&M Family Trust. The IRS may properly levy against property held in the name of a delinquent taxpayer's nominee or alter ego, see G.M. Leasing Corp. v. United States, 429 U.S. 338, 351 (1977), and the Government alleged that the M&M Family Trust held its interest in the Farmersville Road property as Mervin Zimmerman's nominee and/or alter ego. (Compl. ¶¶ 40-41.)

in engaging in the conduct that led to the default judgment against both of them. She then failed to timely appeal the foreclosure order.

It is well settled that Rule 60(b)(4) is not a substitute for an appeal. See Page v. Schweiker, 786 F.2d 150, 154 (3d Cir. 1986). Whether the District Court should have considered and adjudicated Mildred Zimmerman's potential claim in the Farmersville Road property under IRC Section 7403(c) notwithstanding her own failure to assert her rights is an issue that could have been, but was not, raised on a direct appeal from the foreclosure order itself. "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1380 (2010). Regardless of whether it was error for the District Court not to consider Mildred Zimmerman's interest, her challenge does not fall within the ambit of Rule 60(b)(4). Accordingly, the Zimmermans' failure to timely appeal the foreclosure order precludes review of whether the District Court erred by failing to consider Mildred Zimmerman's interest in the Farmersville Road in ordering foreclosure.[8]

---

[8] That the Zimmermans subsequently appealed the order confirming the sale does not change this result. The foreclosure order was a final appealable order and an appeal of the confirmation order is limited to "a determination whether the district court had jurisdiction to order the sale." Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 337 (5th Cir. 1981); see also Leadville Coal Co. v. McCreery, 141 U.S. 475, 478 (1891) (holding that appellant who failed to challenge an order directing the sale of property was barred from asserting any rights to the property by later appealing the order confirming the sale because the first order "determined the rights of all parties interested in the

D.    Challenge to the Order to Vacate

Finally, the Zimmermans challenge the aspect of the District Court's foreclosure order that required them to vacate the property and remove all of their personal possessions within 30 days. The Zimmermans attack this aspect of the order on several grounds, none of which appears suitable for a Rule 60(b) motion. However, we need not address them in detail since it does not appear that the Zimmermans raised these arguments in the District Court, and we will not consider arguments raised for the first time on appeal.  See Frank v. Colt Indus., 910 F.2d 90, 100 (3d Cir. 1990).

**IV.**

In conclusion, we will affirm the judgment of the District Court in all respects.

---

proceeds of this property, and if any one of these appellants after notice failed to assert his rights or to challenge the allowances then made by the court, his rights and challenge were lost").